## RALPH G. POTTER v. MIDLAND COOPERATIVES, INC., AND ANOTHER.

80 N. W. (2d) 59.

December 28, 1956—No. 36,989.

*Reynolds & McLeod,* for relators.
*James Pomush,* for respondent.

MATSON, JUDGE.

Certiorari to review a decision of the Industrial Commission on the ground that employer-relator had neither knowledge nor notice of employee's injury within 90 days after the accident as required by M. S. A. 176.141.

On September 15, 1953, employee while unloading empty steel drums, piled three high on a truck, was struck on his chest by a falling drum which tore through his shirt and cut his right nipple.

He examined the injury and sat down for a few minutes because the blow knocked the wind out of him; then he got up and went back to work. The wound bled a little but he did nothing to it until he arrived home where he put "a little iodine or something" on it. He kept on working as usual. The injury apparently healed in three or four days but remained sore for two or three weeks. Thereafter, the only time it bothered him was when it was bumped. The injury started hurting again about a week or two before Christmas and thereafter it kept getting worse all the time. He went to see a doctor on March 4, 1954. Upon examination it was discovered that he was suffering from a malignant tumor of the right breast. The tumor was removed by surgery and after convalescence he returned to work on June 18, 1954. The doctor's testimony indicated partial permanent disability and that the injury had aggravated a preexisting cancerous condition. No dispute arises on the medical testimony.

Was the award of compensation invalid for the reason that employer obtained neither knowledge nor written notice of the accident within 90 days after the occurrence of the injury as required by § 176.141? No report of the accident was made at any time prior to March 4, 1954, when the employee asked the employer for time off to see a doctor. He was examined by the doctor on that day and on March 5 he entered the hospital for surgery. In evidence as an exhibit is a Group Insurance Loss Report of employer's insurer which is divided into three sections. The first section bears the title of Hospital Admission Report to be Completed by the Employer, and the date inserted therein indicates it was filled out by or in behalf of the employer on March 5. The second section is a form to be completed by the employee as a report of the accident. This latter form signed by the employee is undated but does contain a statement of how and when the injury was sustained. The third section is an assignment executed by the employee under the date of March 14, 1954, authorizing the insurer to pay the hospital and the attending physicians. The employer denies notice or knowledge prior to March 14. The above exhibit, however, reasonably sustains a find-

ing that knowledge of the injury was obtained by the employer on March 5, 1954.

■ Whether the employer herein received the requisite 90-day statutory notice depends on the applicability of the latent- or trivial-injury doctrine of Clausen v. Minnesota Steel Co. 186 Minn. 80, 242 N. W. 397, wherein this court applied the rule that, where an employee in the course of his employment sustains an apparently trivial injury which does not result in present disability and which no person of ordinary prudence, similarly situated, would reasonably anticipate as likely to cause future disability, but which injury in fact after a period of latency does cause future disability, the time for giving notice of the occurrence of the injury to the employer, pursuant to § 176.141, runs from the time when it becomes reasonably apparent that such injury has resulted in, or is likely to cause, compensable disability.[1]

■ Whether an individual case comes within the trivial-injury rule is a question of fact to be resolved by the Industrial Commission. In awarding compensation here, it must have so found. At the time of the accident on September 15, 1953, the injury to the employee's nipple was apparently trivial and was not of a nature which would put a reasonably prudent person on notice that it would eventually cause disability. Within a few days it had healed to such an extent that any remaining soreness gave no reasonable cause for concern. Surely, there was no reason why the employee should know or suspect that he had tissue susceptible to the development of cancer by the aggravation of so trivial an injury. For a considerable period, he was not conscious of the fact that he had been injured except when he felt some pain when he bumped his breast. Upon the facts presented, the Industrial Commission could reasonably find that the employee had no occasion to assume, until shortly before Christmas 1954, that his injury would cause him any

---

[1]See, Balow v. Kellogg Co-op. Creamery Assn. 248 Minn. 20, 78 N. W. (2d) 430; Rinne v. W. C. Griffis Co. 234 Minn. 146, 47 N. W. (2d) 872; Nelson v. Reid & Wackman, 228 Minn. 137, 36 N. W. (2d) 544; Bruggeman v. Ford Motor Co. 225 Minn. 427, 30 N. W. (2d) 711.

difficulty. We hold, therefore, that the award of compensation was proper since the commission could find that the employer had the requisite statutory notice within 90 days after the time the employee had reasonable ground for assuming that his injury might cause disability.

The decision of the Industrial Commission is affirmed.