In the Matter of the Injury to Edwin O. Wartensleben, an employee of Big Horn Coal Company.

BIG HORN COAL COMPANY, Appellant, (Employer below),

v.

Edwin O. WARTENSLEBEN, Appellee, (Employee below).
. No. 4099.

Supreme Court of Wyoming.

Oct. 24, 1972.

Richard M. Davis, Jr., of Burgess, Kennedy & Davis, Sheridan, for appellant.

James N. Wolfe, Sheridan, for appellee.

Before McINTYRE, C. J., and PARKER, McEWAN and GUTHRIE, JJ.

McINTYRE, Chief Justice.

Big Horn Coal Company, as employer, has appealed from an order of the district court of Sheridan County. The order made a workmen's compensation award for injuries to Edwin O. Wartensleben, employee. Appellant says the issue presented on appeal is whether an employee who is injured in the course of his employment can receive an award if he did not report the injury to his employer within twenty-four hours of the occurrence of the accident.

We are sure the question presented turns on findings of fact from the evidence. In keeping with the applicable appellate rule in that regard, we must of course accept as true the evidence favorable to the successful party in the district court. Actually, the employer did not try to refute the employee's testimony. Instead, it claims the employee has not shown sufficient excuse for his failure to report his accident within twenty-four hours.

The statute relied on by the employer is § 27–104, W.S.1957, c. 1967. It provides, whenever an accident occurs causing injury to any workman engaged in extra-hazardous employment, it shall be the duty of

the injured employee to make or cause to be made a report of the occurrence to the employer within twenty-four hours thereafter.

Counsel for appellant has pointed out very well the purpose for requiring this twenty-four-hour report and the benefit it affords to an employer who would ordinarily want to make an early investigation. However, the evidence favorable to claimant in this particular case tends to show Wartensleben was driving a scraper which was a rough-riding piece of equipment; that he had never previously suffered any back pain or back injury; and that while the employee was working his shift on July 20, 1971 he began to suffer what he described as muscle spasms in his back.

Without realizing at the time what had caused his back trouble and without relating the trouble to his job, Wartensleben went to a doctor to get a prescription for a muscle relaxant. He was told by the doctor that probably the only thing wrong was nerves. He continued to work without loss of time until laid off in September, 1971. The employee was not aware that he had suffered any kind of injury until he was placed in a hospital at Sheridan some time later. There x-rays were taken of his back and a myelogram was performed. Wartensleben was then notified he had suffered some type of injury to his back. According to his testimony, that was when he first knew he had suffered a compensable injury.

The record indicates Wartensleben immediately filed a report and claimed compensation when he learned, as a result of the x-rays and myelogram, that he had had a back injury. This report was filed December 1, 1971. The employee also testified he had never fallen or suffered any other injury to his back prior to July 20, 1971; and that he thereafter had nothing to cause the trouble except his work duties for appellant.

The employee was taken to Cheyenne and his back was operated upon by Dr. Schreiner. There was evidence in the case to the effect that in Dr. Schreiner's opinion the injury to Wartensleben occurred July 20, 1971, "as a result of carrying out duties which placed rather unusual stress to the lower back area."

As we have already indicated, the employer did not attempt to contradict the employee's testimony or his theory of what happened. Thus, the trial judge had reason to believe Wartensleben did not know he had had a compensable injury until the x-rays were taken and the myelogram was performed at the Sheridan hospital; and that such injury was then immediately reported, with a claim for compensation.

Baldwin v. Scullion, 50 Wyo. 508, 62 P.2d 531, 535, 538–539, 108 A.L.R. 304, established it as law in Wyoming that an employee's report must be made as soon as the employee becomes aware that an accident has caused an injury; and that the term "injury" as used in the compensation statutes means compensable injury. We made it clear in Bemis v. Texaco, Inc., Wyo., 400 P.2d 529, reh. den. 401 P.2d 708, 708–709, that we continue to recognize the principles announced in *Baldwin*; and we see no reason to depart from such principles in the instant case.

A case in point from another jurisdiction is Potter v. Midland Cooperatives, Inc., (1956) 248 Minn. 380, 80 N.W.2d 59, 61. In that case the Minnesota Supreme Court stated, where an employee in the course of his employment sustains an apparent *trivial injury* which does not result in present disability and which would not reasonably be expected to cause future disability, but which injury in fact after a period of latency does cause future disability, the time for giving notice of the occurrence of the injury to the employer runs from the time when it becomes apparent that such injury has resulted in, or is likely to cause, compensable disability.[1]

1. In Stancil v. Massey, 141 U.S.App.D.C. 120, 436 F.2d 274, 277 (1970), it is

stated, where the injury suffered is undisclosed to or unknown by the victim, the

The question of the time when the employee first knows that he has suffered an injury which results in, or is likely to cause, compensable disability is of course one for the trial judge. The evidence in Wartensleben's case is such that we cannot and will not disturb the findings of the trial court in that regard.

Affirmed.

point of beginning may be postponed until the victim is or should be aware of the injury. Also, as stated in Beson v. Carleton College, 271 Minn. 268, 136 N.W.2d 82, 87 (1965), it has been consistently held that an injury has not occurred until compensable disability appears or becomes manifest.