**In the Matter of the Injury to Arthur Eugene ROBINSON.**

**Arthur Eugene ROBINSON, Appellant (Claimant),**

v.

**TRUE DRILLING COMPANY, Appellee (Employer).**

**No. 5623.**

Supreme Court of Wyoming.

March 2, 1982.

Gordon W. Schukei of Whitley & Schukei, Newcastle, for appellant.

Andrew L. Breffeilh, Casper, for appellee.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

ROONEY, Justice.

Appellant-claimant appeals from an order denying his worker's compensation claim because it was barred by the statute of limitations,[1] i.e., § 27–12–503(a), W.S.1977.[2]

---

1. Although the court noted the failure to identify the injuries or the cause thereof, the denial of the claim was founded on the bar of the statute of limitations. Appellant testified to a collapse of the rig floor and also to a fight but could not specify to which his injuries were related. Following are examples of discrepancies between appellant's testimony and that of other witnesses: He worked on rig No. 14 in 1956, but it was not built until 1960. He worked on a rig with four Buda engines, but Buda engines were not used on appellee's rigs. One or more deaths resulted from the incident which caused his injury, but appellee has not had a fatal accident during any of its operations.

2. Section 27–12–503(a) provides:
"No order or award for compensation involving an injury which is the result of a single

We affirm.

Appellant alleges his injury to have occurred during employment by appellee on an oil rig in Weston County in 1956. On May 22, 1981, he filed an unsworn report of accident and claim for award in the District Court, Sixth Judicial District, County of Weston. On June 25, 1981, he filed a sworn application and claim for award in the same court. In these filings, he recited that he had amnesia until the fall of 1978.

Appellant contends that the statute of limitations did not begin to run until four weeks to two months before May 22, 1981, the date upon which he filed his first claim. He says he was then first aware of the existence of a compensable injury. The only evidence in support of this contention was the following testimony of appellant:

"And then later the rest of it come back in and then more of it come back in and just—just about 2 months ago—no, it's been about 4 weeks ago I was driving truck out in Wells, Nevada, and I had the first vivid recollection of that face, of that man across the tower from me that chased me up in the derrick."

Although such testimony would probably be insufficient to support appellant's claim even if it were the only testimony on the issue, other evidence in the case and other testimony by appellant are more than sufficient to support the district court's finding that the statute of limitations began to run over one year before a claim was filed.

■ In reviewing the sufficiency of the evidence to support a finding of fact by the fact finder, we assume the evidence of the prevailing party to be true and disregard entirely the evidence of the unsuccessful party. *Merritt v. McIntyre and McIntyre Garden Center and Greenhouse Company*, Wyo., 613 P.2d 206 (1980); *City of Rock Springs v. Police Protective Association*, Wyo., 610 P.2d 975 (1980); *Madrid v. Norton*, Wyo., 596 P.2d 1108 (1979); *Olson v. Federal American Partners*, Wyo., 567 P.2d 710 (1977).

■ Assuming for the purpose of argument that appellant had amnesia which tolled the statute of limitations during the amnesia period, not only did the claims filed by appellant reflect a recovery from any amnesia to have occurred in the fall of 1978—about two and one-half years before the filing of the claims, but his testimony at the hearing was to the same effect. He testified that he was given an injection of cortisone into an injured foot in the fall of 1978, and " * * * an hour and twenty minutes later my memory come back, the whole of it." Again, he testified: " * * * When they put the cortisone in there, that's when my memory come back fully and wholly." And again:

"THE COURT: And as I understand it, you started remembering these things back in 1978; is that right?

"MR. ROBINSON: Yes, right after the neurosurgery, 45, 50 minutes later. It was just like a cloud was removed from my memory bank. I remembered so much of it it was, you know, it's like being born over or something."

There was substantial evidence upon which the trial court could find appellant's claim to have been barred by the one-year statute of limitations.

Affirmed.

---

brief occurrence rather than occurring over a substantial period of time, shall be made unless in addition to the reports of the injury, an application or claim for award is filed with the clerk of court in the county in which the injury occurred, within one (1) year after the day on which the injury occurred or for injuries not readily apparent, within one (1) year after discovery of the injury by the employee. The reports of an accident do not constitute a claim for compensation."