**HOUSTON GENERAL INSURANCE COMPANY, Appellant,**

v.

**Edwardo VERA, Appellee.**

**No. 1865.**

Court of Appeals of Texas, Corpus Christi.

June 24, 1982.

Rehearing Denied Aug. 26, 1982.

Kent Westmoreland, Ross, Griggs & Harrison, Houston, for appellant.

Anthony Constant, Russell H. McMains, Edwards & Perry, Corpus Christi, for appellee.

Before BISSETT, YOUNG and GONZALEZ, JJ.

## OPINION

YOUNG, Justice.

This is an appeal from a judgment awarding workers' compensation benefits to Edwardo Vera for total and permanent disability due to occupational disease of repetitious physical trauma. The appellant, Houston General Insurance Company, brings forward twelve points of error. We affirm.

Vera stated at the trial that he is a forty-four year old man, who has done manual labor all his life. He began working for Agua Dulce Grain Company in 1954. His duties consisted of cleaning grain tanks, loading and unloading trucks, patching and painting tanks and exchanging motors between tanks. Throughout his employment with the grain company he performed the same tasks which required a great deal of lifting, pulling and physical exertion.

In 1971, Vera hurt his back and did not work for a week. In 1976, he again injured his back while opening a gate of a truck. For that injury, he visited two doctors whose reports indicated that there were mild degenerative changes in his thoracic spine. These reports contained no x-ray interpretation of the condition of his lower back, nor could they indicate the date of onset of the arthritic changes. According to Vera, the pain from the 1976 injury never left him, and apparently, his back never healed properly.

Vera went back to work shortly after his 1976 injury and continued the same duties. Particularly in the final months of 1977, he experienced pain. Vera testified that other workers could see he was in pain because of the way he moved while at work. His foreman, Mr. Diaz, was aware that the appellee was having back problems. On February 3, 1978, Vera told Frank Ybarra, the manager of Agua Dulce Grain Company, that he was quitting his job. The appellee testified that he informed Ybarra that he was quitting because his back hurt, but Ybarra denied that this statement was made to him. Ybarra also stated that the foreman and other employees told him of Vera's back problems, but they did not do so until after the appellee had quit his job. He did not disclose the exact date of these reports.

Dr. Swan, an orthopedic surgeon, first examined the appellee in 1978, and then again in 1980. He found that Vera had multiple medical problems, including diabetes and high fat content in his blood. He also found that Vera had degenerative arthritis of the lumbosacral spine as well as the cervical spine. Dr. Swan explained that degenerative arthritis results from wear and tear, that people who do work which requires lifting heavy objects are more likely to have degenerative arthritis, and that the degenerative changes in Vera's back were far worse than would be expected for a person his age. Although he noted that science has not yet made it possible to be absolutely certain of the exact cause of degenerative arthritis, he could give a good probability. He concluded that Vera was

totally disabled from his arthritic condition and from his other medical problems, but that the arthritis alone was sufficient to bring about total disability.

Dr. Swan's impression was that Vera's back problems began in July of 1976. In response to a hypothetical question, he replied that doing work which requires lifting, bending and general physical labor would worsen an arthritic condition. Dr. Swan examined the appellee in 1980 and found no improvement in his condition.

Dr. Swan had advised Vera in 1978 to avoid work which required lifting and physical strain. The appellee has not worked since he left the grain company in February of 1978.

The record discloses no evidence of a claim by Vera for workers' compensation benefits for his 1971 injury. When he was injured in 1976, his employer filed an Employer's First Report of Injury [E–1]. He filed no claim for this injury until March of 1978. From the time that they were filed with the Industrial Accident Board, these cases have been treated separately. The claim for injuries caused by occupational disease resulting from repetitious physical trauma is the subject of this case.

The jury found that occupational disease (degenerative arthritis) was a producing cause of Vera's incapacity. They found that the 1971 injury contributed 10% and the 1976 injury contributed 30% to his incapacity. The trial court awarded the appellee compensation benefits at the maximum rate.

From the outset, appellant has taken the position that the appellee has sustained a single injury and is entitled to one claim only. He brings points of error on this issue as well as the notice provisions and the amount of compensation awarded.

In points of error one through six, the appellant argues that the record discloses a failure to comply with statutory requirements for notice to the employer and filing of the claim with the Industrial Accident Board. The applicable statute provides: "Unless the Association or subscriber have notice of the injury, no proceeding for compensation for injury under this law shall be maintained unless a notice of the injury shall have been given to the Association or subscriber within thirty (30) days after the happening of an injury or the first distinct manifestation of an occupational disease, and unless a claim for compensation with respect to such injury shall have been made within six (6) months after the occurrence of the injury or of the first distinct manifestation of an occupational disease; ...." Tex. Rev. Civ. Stat. Ann. art. 8307 § 4a (Vernon 1947).

Injury under the Workers' Compensation Act includes occupational disease in some instances. Tex. Rev. Civ. Stat. Ann. art. 8306 § 20 (Vernon Supp. 1982). Because this claim falls within the category of occupational disease, the statute required notice to be given the employer (or insurance carrier) within 30 days of the first distinct manifestation of the disease and that the claim be filed with the Industrial Accident Board within six months of the first distinct manifestation of the disease. The issues submitted to the jury, however, inquired about whether notice was given and the claim filed within the specified time periods *after disability resulted.* It can be argued that these issues do not track the statute and could result in enlargements upon the legislatively-ordained time periods since disability occurs subsequent to the first distinct manifestations of diseases.[1]

■ In point four, the appellant urges us to reverse the case because of the substitution of "disability" for "first distinct manifestation" in the notice issue. Houston General failed to object to the issue at the trial court level as required by Rule 274, T.R.C.P., and has, therefore, waived the error. *Vela v. Alice Specialty Co.,* 607 S.W.2d 289 (Tex. Civ. App.—Tyler 1980, no writ);

1. *Commercial Insurance Company of Newark v. Smith,* 596 S.W.2d 661 (Tex. Civ. App.—Fort Worth 1980, writ ref'd n.r.e.) establishes that the first distinct manifestation occurs when the claimant recognizes the nature, seriousness and work-related nature of the disease.

*Hartford Accident & Indemnity Co. v. Contreras,* 498 S.W.2d 419, 425 (Tex. Civ. App.—Houston [1st Dist.] 1973, writ ref'd n.r.e.).

Appellant acknowledges that no objection was made but argues that this entire portion of the case was tainted by the incorrect instruction and urges us to reverse on grounds of fundamental error. We decline to do so because the Supreme Court did not reverse sua sponte when presented with the identical instruction in *DeAnda v. Home Insurance Company,* 618 S.W.2d 529 (Tex. 1980). In that case, the appellant did not bring a point of error on the instruction; therefore, the court did not consider it. *De-Anda,* supra, at 533. Appellant's point four is overruled.

■ Points of error one and two state that there was no evidence or, in the alternative, insufficient evidence to support a finding that the employer received notice or had actual knowledge of the disease within 30 days of disability. When confronted with a no-evidence point of error, this Court is required to consider only that evidence which supports the finding and then in its most favorable light. *Schaefer v. Texas Employers Insurance Association,* 612 S.W.2d 199 (Tex. 1981); *Garza v. Alviar,* 395 S.W.2d 821 (Tex. 1965). In considering an insufficiency point, it is the duty of the Court to consider and weigh all the evidence in the record to determine if it supports the judgment. *Burnett v. Motyka,* 610 S.W.2d 735 (Tex. 1980); *In re King's Estate,* 150 Tex. 663, 244 S.W.2d 660 (1951). Where the employer denies notice in a verified pleading, as in the case before us, the burden of establishing notice is upon the employee. *Commercial Ins. Co. of Newark, N.J. v. Smith,* 596 S.W.2d 661, 664 (Tex. Civ. App.—Ft. Worth 1980, writ ref'd n.r.e.); *Robicheaux v. Aetna Cas. & Sur. Co.,* 562 S.W.2d 568, 569 (Tex. Civ. App.—Houston [14th Dist.] 1978, no writ).

■ The record here shows that there was actual knowledge on the part of the foreman. Knowledge of the foreman meets the statutory requirement. *Miles v. Commercial Ins. Co., etc.,* 568 S.W.2d 912, 914 (Tex. Civ. App.—Waco 1978, no writ); *Belknap v. Texas Employers' Insurance Association,* 556 S.W.2d 587 (Tex. Civ. App.—Dallas 1977, no writ). Also, Vera testified that he gave notice on the day he quit. The jury was free to disbelieve testimony to the contrary. *Leyva v. Pacheco,* 163 Tex. 638, 358 S.W.2d 547 (1962). The notice need not be given in any particular form and need not specify the exact nature of the injury or illness, since the requirement exists only to provide the insurer an opportunity to investigate. *DeAnda v. Home Insurance Company,* supra. We believe there was sufficient evidence to support the jury finding, and, accordingly, we overrule appellant's points one and two.

■ Appellant also challenges the compliance with the filing requirement. The jury finding that a claim was not filed within six months after the disability was apparently disregarded by the trial court. When the employer receives timely notice of an injury of illness, he is required to file a report E–1 with the Industrial Accident Board within eight days. Tex. Rev. Civ. Stat. Ann. art. 8307 § 7 (Vernon 1967). The employer's failure to file a report tolls the six-month statute of limitations for filing a claim. Tex. Rev. Civ. Stat. Ann. art. 8307 § 7a (Vernon Supp. 1982). Thus, in this case, the absence of an E–1 for the 1978 illness tolled the statute of limitations, and recovery was allowable on a claim filed after the six months had expired. Appellant's third point of error is overruled.

■ The fifth and sixth points of error attempt to demonstrate that there is insufficient evidence to support the jury finding that the disability began on February 3, 1978. Appellant points out that Vera was experiencing pain for several months before he quit. Pain is not equivalent to disability. The record does not show that the appellee was unable to perform his work any time before February 3, 1978. On that date, he said he could no longer continue. The evidence is sufficient to support the finding. Points five and six are overruled.

In points seven and eight, appellant turns its attention to the injury sustained by Vera in 1976. Basically, Houston General presumes that the 1976 injury was the only condition which caused harm to Vera. Therefore, the appellant argues, alternatively, that the settlement of the claim for the 1976 injury was as a matter of law full satisfaction or a binding election of remedies. The difficulty with the appellant's argument is that it proceeds from a starting point which is inconsistent with the jury findings. The jury found that Vera suffered from an occupational disease which was the producing cause of his incapacity and that the 1976 injury contributed 30% to the incapacity. Implicit in these findings is the determination that the remainder of the incapacity was brought about by the wholly separate trauma which occurred after 1976.[2]

Although appellant does not make it clear in its points of error that it is disputing the jury's finding, the argument to support those points reveals that this is the gravamen of the complaint. In its ninth and tenth points of error, appellant maintains that there is no evidence or insufficient evidence to uphold the jury's finding that the appellee was suffering from an occupational disease. It appears that the arguments under all the points of error deal with the same issue, so we will treat them together.

Appellant presented no evidence to refute testimony presented by the appellee that the work done after 1976 caused or at least aggravated the arthritic condition. Appellant simply claims Vera's expert did not establish the necessary causal connection. Dr. Swan did not say he could be absolutely certain that this was the case, but his testimony, taken as whole, discloses that he could conclude with reasonable probability that post-1976 trauma caused the incapacity. This is sufficient evidence of causation. See *Schaefer v. Texas Employers Insurance Association,* supra at 202; *Insurance Company of North America v. Myers,* 411 S.W.2d 710, 713 (Tex. 1966). Appellant's points nine and ten are overruled. Since there is sufficient evidence to establish causation of incapacity by post-1976 trauma, settlement of the 1976 claim did not result in a full satisfaction or a binding election of remedies as a matter of law. Points seven and eight are also overruled.

The eleventh point of error deals with the percentage of contribution to the incapacity attributed by the jury to the 1976 injury. The jury found that 30% of the incapacity resulted from the 1976 injury. Appellant claims this finding was not supported by sufficient evidence and insists the percentage should have been higher. The evidence showed that there was mild damage to Vera's spine in 1976, but that the condition was far worse in 1978. There is nothing in this testimony to cause us to disturb the jury's finding.

Finally, the appellant disputes the amount of compensation awarded. Based on a stipulated wage amount, the trial court calculated the sum payable to the appellee and determined that he should receive the maximum allowed by statute.[3]

When there are prior injuries which contribute to the employee's incapacity, the workers' compensation laws permit a reduction in the amount of the award corresponding to the amount of incapacity caused by the first injury. Tex. Rev. Civ. Stat. Ann. art. 8306 § 12c (Vernon Supp. 1982). To obtain such a reduction, however, the insurer must prove that the previous injury was compensable, that it contributed to the present incapacity and the amount or percentage of such contribution. *Transport Insurance Company v. Mabra,* 487 S.W.2d 704, 707 (Tex. 1972).

---

2. The jury decided that 10% of the incapacity was due to a 1971 back injury. Thus, they attributed 60% of the incapacity to the present claim.

3. Tex. Rev. Civ. Stat. Ann. art. 8306 § 10 (Vernon Supp. 1982) provides that compensation for total disability shall be 66⅔ of the worker's average weekly wages, but may not exceed the maximum amount set by Tex. Rev. Civ. Stat. Ann. art. 8306 § 29 (Vernon Supp. 1982). At the time of this case, the maximum was $91.00 per week.

In this case, the raw figures for Vera's wages exceeded the maximum rate even when reduced by 30% due to the 1976 injury. Only if the award were reduced by the full 40% found by the jury, including the 10% attributed to the 1971 injury, would it have been less than the maximum rate. In awarding the maximum, the trial court may have disregarded the jury's finding of 10% incapacity due to the 1971 injury. We believe the trial court was justified in doing so because the insurer presented no evidence that the 1971 injury contributed to the present incapacity.

We have carefully considered all of the appellant's points of error, and they are all overruled.

The judgment of the trial court is affirmed.