In the Matter of Worker's Compensation Claim of Doloris W. GRINDLE, Employee, Claimant, Bethesda Care Center, Employer.

Doloris W. GRINDLE, Appellant (Employee-Claimant),

v.

The STATE of Wyoming, ex rel. WYOMING WORKER'S COMPENSATION DIVISION, Appellee (Objector-Defendant).

No. 85–249.

Supreme Court of Wyoming.

July 16, 1986.

Tony S. Lopez, Zimmers, Bluher & Lopez, Laramie, for appellant (employee-claimant).

A.G. McClintock, Atty. Gen., and Patrick J. Crank, Asst. Atty. Gen., for Appellee (objector-defendant).

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT and MACY, JJ.

THOMAS, Chief Justice.

The issues which must be resolved in this case relate to the correctness of the finding of the district court that Doloris Grindle had sustained a readily apparent injury which caused the statute of limitations relating to worker's compensation claims to begin to run; whether Doloris Grindle's lack of knowledge with respect to the statutory scheme generally and the applicable statute of limitations specifically excused her from timely filing of a claim; and whether the district court erred in its decision that the failure of the employer to file a report required by statute did not prejudice the claimant. We affirm the decision of the district court.

Ms. Grindle, who is a licensed practical nurse, began employment as a nurse's aide at Bethesda Care Center in January, 1984. She first was hired as a nurse's aide, and later she was promoted to the position of nurse. It is the practice of Bethesda Care Center to conduct an orientation for new employees, and at that time they are informed about worker's compensation. Grindle attended two orientation sessions, the first when she was hired as a nurse's aide and the second when she was promoted to the position of nurse. Grindle denied in her testimony that she ever had been informed of worker's compensation benefits. The record also demonstrates that the notice which relates to worker's compensation and work related injuries, required by statute to be posted, was posted in the staff lounge at all significant times. Grindle testified that she never had seen the posted notice.

On February 15, 1984, Grindle, in accordance with instructions from her supervisor, was assisting an elderly, obese patient back to the patient's bed following dinner. She was behind this patient who was steadying herself on a wheelchair. The patient had complained that without assistance she would be unable to walk halfway back to her bed. After going only about two steps this patient fell down, and Ms. Grindle, in the performance of her duties, made an effort to break the patient's fall. This resulted in both them ending up on the floor. At that time Grindle felt a sharp pain in her back, which then became a severe but dull pain, an "agonizing type thing." The pain later diminished.

In the period of time which followed this pain became chronic, but it was not continuous. It was aggravated when Grindle did heavy lifting or pulling. Ultimately, in April of 1985, she consulted a physician who recommended surgery. This occurred after she began to experience a numbness in "her bottom and down both legs." Having experienced back surgery some ten years previously, Grindle sought a second opinion, and that physician also recommended surgery. She then decided to have the problem corrected, and as a result of that surgery she was in a body cast for several months and received physical therapy.

Immediately after the fall, on February 15, 1984, Grindle consulted with her supervisor, and she then filled out a Bethesda Care Center incident report in which she indicated she had pain in her back and left shoulder. She did not lose any time from work because of this incident, and she did not file any worker's compensation report of the accident until after she was released from the hospital in May of 1985. When a claim for medical services was received the clerk of the district court requested an accident report from the employer, and the director of nursing at Bethesda Care Center completed this form. That individual, however, indicated that the cause of the injury was unknown because the incident report, which indicated pain in the back and left shoulder, did not correlate with Grindle's accident report which reflected lumbar back trouble. At the hearing Grindle testified that the first she knew of her eligibility for worker's compensation benefits was when the surgeon's nurse in-

formed her of the possible availability of those benefits on the day that she was admitted to the hospital.

The procedural history in this instance is that Doloris Grindle did not file her Worker's Report of Accident until May 3, 1985. The worker's compensation file was initiated by a claim from a physician on April 12, 1985. After two other claims for medical services were filed Bethesda Care Center objected to these claims on April 23, 1985. Similar objection was lodged by the Worker's Compensation Division on May 20, 1985. After trial the district court denied worker's compensation benefits holding that the injury was readily apparent on February 15, 1984; the statute of limitations expired on February 15, 1985; and the May 3, 1985, claim for benefits was barred by the statute of limitations. The district judge also decided that there were no facts in this case which would justify an equitable estoppel. Grindle has appealed from this order of the district court.

The statement of issues presented by Doloris Grindle for decision in this case is:

"I. Did the district court err in ruling that the failure of the employer to file its required report pursuant to § 27–12–506 did not prejudice the claimant?

"II. Is lack of knowledge as to the applicable statute of limitations for filing a claim for benefits an excuse for failure to file a timely claim?

"III. Did the trial court err in ruling that the accident of February 15, 1984, constituted a readily apparent injury causing the statute of limitations to run from that date?"

The Worker's Compensation Division asserts that the following questions must be resolved:

"I. Did the district court err in ruling that the failure of the employer to file its required report pursuant to Section 27–12–506, W.S.1977, did not prejudice the appellant?

"II. Does sufficient evidence exist to support the trial court's factual finding that the appellee was not estopped in asserting the applicability of Section 27–

12–503, W.S.1977, under *Bauer v. State of Wyoming, ex rel. Wyoming Worker's Compensation Division,* Wyo., 695 P.2d 1048 (1985)?

"III. Does sufficient evidence exist to support the trial court's factual finding that the injury was 'readily apparent' to the appellant on February 15, 1984?

"IV. Should this court's decision in *Martini v. Kemmerer Coal Co.,* 38 Wyo. 172, 265 P. 707 (1928) be reversed?"

In accordance with our usual rule on appeal we will not consider the first issue presented by the parties.

"Our rule is that in the absence of fundamental error affecting a substantial right of the appellant or involving the jurisdiction of the court, we do not consider questions sought to be raised for the first time on appeal. *Hopkinson v. State,* Wyo., 664 P.2d 43 (1983), cert. denied 464 U.S. 908, 104 S.Ct. 262, 78 L.Ed.2d 246 (1983); *Nickelson v. People,* Wyo., 607 P.2d 904 (1980); and *Nisonger v. State,* Wyo., 581 P.2d 1094 (1978)." *Jahnke v. State,* Wyo., 692 P.2d 911, 928 (1984).

Other cases which have developed this same basic proposition are *Harries v. State,* Wyo., 650 P.2d 273, 277 (1982); *In the Matter of Parental Rights of PP,* Wyo., 648 P.2d 512, 519 (1982); *Laramie Citizens for Good Government v. City of Laramie,* Wyo., 617 P.2d 474, 478 (1980); *Elder v. Jones,* Wyo., 608 P.2d 654, 660 (1980); *Meuse-Rhine-Ijssel Cattle Breeders of Canada, Ltd. v. Y-Tex Corporation,* Wyo., 590 P.2d 1306 (1979); *Allen v. Allen,* Wyo., 550 P.2d 1137 (1976); *Steffens v. Smith,* Wyo., 477 P.2d 119 (1970); and *Gore v. John,* 61 Wyo. 246, 157 P.2d 552 (1945). The record which was filed in this case does not contain any briefs which were presented to the trial court, and opening statements were waived. Our examination of the record does not disclose that Ms. Grindle, in any way, brought to the attention of the trial court any alleged prejudice resulting to her because of the failure of the employer to file an employer's accident report as required by § 27–12–506,

W.S.1977. This issue was not presented for disposition in the trial court, and we do not address it on appeal.

■ Turning then to the question of whether this injury was a readily apparent injury within the definition set forth in § 27–12–503(a), W.S.1977, we conclude that the district court properly found that it was. Section 27–12–503(a), W.S.1977, provides:

"(a) No order or award for compensation involving an injury which is the result of a single brief occurrence rather than occurring over a substantial period of time, shall be made unless in addition to the reports of the injury, an application or claim for award is filed with the clerk of court in the county in which the injury occurred, within one (1) year after the day on which the injury occurred or for injuries not readily apparent, within one (1) year after discovery of the injury by the employee. The reports of an accident do not constitute a claim for compensation."

We have held that "[i]t is the duty of the trial judge as finder of fact to determine and find by a preponderance of the evidence whether there was a compensable injury, and, if so, when it was actually suffered by an employee, * * *." *In the Matter of Barnes*, Wyo., 587 P.2d 214 (1978); and *Big Horn Coal Company v. Wartensleben*, Wyo., 502 P.2d 187 (1972). See also *Baldwin v. Scullion*, 50 Wyo. 508, 531, 62 P.2d 531, 108 A.L.R. 304 (1936) (it is the clear duty of the trier of fact to determine when compensable injury has occurred).

■ The standard pursuant to which factual findings of a trial court are reviewed is settled in worker's compensation cases. We accept the prevailing party's evidence as true, give to it every favorable inference which may be drawn, and we do not take into account the conflicting evidence of the other party. *Matter of Abas*, Wyo., 701 P.2d 1153 (1985). We will not interfere with the findings of fact by the trial court unless they are "clearly erroneous or manifestly wrong and totally against the evi-

dence." *Consolidated Freightways v. Drake*, Wyo., 678 P.2d 874 (1984), citing *Valentine v. Ormsbee Exploration Corporation*, Wyo., 665 P.2d 452 (1983). See also, *Matter of Abas*, supra; and *Matter of Robinson*, Wyo., 641 P.2d 195 (1982).

There is sufficient evidence in this record to support the trial court's finding that Ms. Grindle's injury was readily apparent to her on February 15, 1984. As we have noted she was a licensed practical nurse, and she previously had had back surgery resulting from injuries in a fall. Furthermore, on cross-examination she testified:

"Q. Did you think at that time that you had done some kind of physical damage to your back?

"A. I thought I just pulled a muscle, a muscle that would, you know, just remedy itself. That's the reason I didn't even think about seeing a doctor myself.

"Q. But did you think that you had done some kind of physical damage, a tearing or rupturing?

"A. Yes, yes, I knew something had happened, I didn't know what."

The district court did not commit any error in finding that the statute of limitations, § 27–12–503(a), W.S.1977, began to run on February 15, 1984.

In 1928 this court articulated the following construction of the statute of limitations encompassed in the Wyoming worker's compensation statutes:

"If the limitation is mandatory, as we are required to hold it to be, the fact that the claimants were in Italy cannot, of course, be held to be an excuse for not filing the claim in time. * * * In any event the legislature has fixed the time, which it had a right to do. It made no exceptions, and for us to read an exception into it would plainly be legislation and not a construction of the law." *Martini v. Kemmerer Coal Company*, 38 Wyo. 172, 180, 265 P. 707 (1928).

While we are invited to consider adjusting this standard by the appellant who, quoting out of context, relies upon Professor Larson's characterization of the "accident" type of statute as a "fragment of irrational

cruelty" (3 Larson, Workmen's Compensation Law, § 78.42(b) at 15–225 (1985), we are not persuaded to do so.

We recognize that in *Bauer v. State ex rel. Wyoming Worker's Compensation Division*, Wyo., 695 P.2d 1048, 1053 (1985), a limited exception to the absolute bar of § 27–12–503(a), W.S.1977, was set forth in the following language:

"Appellant had a valid, meritorious claim that was not filed because of reliance upon her employer's representation that she was not covered by worker's compensation. We hold that the employer's misleading statements, although unintentional, were sufficient to constitute estoppel and prevent the employer and the state of Wyoming from invoking the statute of limitations as a defense. * * *"

In that case, however, we reiterated the proposition that the statute of limitations will bar relief in worker's compensation cases in the absence of equitable estoppel. *Bauer v. State ex rel. Wyoming Worker's Compensation Division*, supra, 695 P.2d at 1050. Doloris Grindle freely admits that following her accident no supervisor or any other employee of Bethesda Care Center ever discussed worker's compensation with her one way or the other. Furthermore, the usual practice of her employer was to furnish information to employees at their orientation sessions, and the information about the right to submit a claim was posted in an area readily accessible to Ms. Grindle.

There was sufficient evidence to support the trial court's finding of fact that Ms. Grindle suffered a readily apparent injury on February 15, 1984, and that her claim for worker's compensation benefits which was filed on May 3, 1985, is barred by the applicable statute of limitations. We can find no help in this record for her suggestion that in some way the statute should not be enforced.

The order of the district court denying worker's compensation benefits because of the bar of the statute of limitations is affirmed.

URBIGKIT, Justice, dissenting.

This court incorrectly affirms the trial court's finding that the accident of February 15, 1984 constituted a readily apparent injury, in disregard of the additional requirement for knowledge of compensability first established for Wyoming Worker's Compensation law by *Baldwin v. Scullion*, 50 Wyo. 508, 62 P.2d 531, 108 A.L.R. 304 (1936).

This court has consistently held "that the Worker's Compensation Act should receive a liberal construction to accomplish the benevolent purposes for which it was promulgated." *In re Barnes*, Wyo., 587 P.2d 214, 218 (1978); *Mor, Inc. v. Haverlock*, Wyo., 566 P.2d 219, 222 (1977); *Baldwin v. Scullion*, supra. In 1936, this court stated in *Baldwin* the now long-standing rule that " '[t]he injury is not the accident but the result of the accident. If the result is delayed, the injury is delayed.' " 62 P.2d at 535, quoting from *Wheeler v. Missouri Pac. R. Co.*, 328 Mo. 888, 42 S.W.2d 579, 581 (1931). In 1978, under the now applicable statute, the *Barnes* court agreed:

"We likewise hold that the term 'injury', as used in the Worker's Compensation Law, means *compensable injury* and is not used in the sense of the occurrence of an industrial accident giving rise to or causing the compensable injury." (Emphasis added.) 587 P.2d at 218.

See also *Big Horn Coal Company v. Wartensleben*, Wyo., 502 P.2d 187, 188 (1972). The *Barnes* court further stated that it would

" * * * do violence to the Act were we to say that merely because an employee is aware at the time of the accident that a compensable injury *may* manifest itself * * * sometime in the future, that knowledge will bar a future claim based upon the earlier accident and injury." 587 P.2d at 218.

There is no doubt that Ms. Grindle knew she had sustained some sort of injury at the time of the initial incident. What she did not know was that it would involve later medical treatment or a claim under

the Worker's Compensation law as a continuing injury. As the majority point out, she "felt a sharp pain, which then became a severe but dull pain." However, § 27–12–503(a), W.S.1977, as interpreted by this court, requires the trial court to determine whether or not *compensable* injuries were readily apparent at the time of the accident. According to Ms. Grindle's uncontroverted testimony, she did not believe her injury to be serious:

"Q. Did you think at that time that you had done some kind of physical damage to your back?

"A. I thought I just pulled a muscle, a muscle that would, you know, just remedy itself. That's the reason I didn't even think about seeing a doctor myself."

Ms. Grindle continued to work after the accident, despite chronic, but not continuous pain. Eventually she began to experience numbness in "her bottom and down both legs." Ms. Grindle's injury became compensable when she first gained knowledge of her disability. Neither Ms. Grindle's continued employment nor the gradual onset of her compensable injury affect her right to compensation:

"[I]t seems to us palpably unjust to the employee to deny him compensation because he has tried to keep his place on the employer's pay roll by doing his regular work and then has found that conditions produced at the time of the accident, and which medical science could not recognize or whose final consequences it could not forecast, have gradually and ultimately produced a compensable injury." 62 P.2d at 539.

In *Big Horn Coal Company v. Wartensleben*, supra, this court cited with approval *Potter v. Midland Cooperatives, Inc.*, 248 Minn. 380, 80 N.W.2d 59, 61 (1956):

" * * * In that case the Minnesota Supreme Court stated, where an employee in the course of his employment sustains an apparent *trivial injury* which does not result in present disability and which would not reasonably be expected to cause future disability, but which injury in fact after a period of latency does cause future disability, the time for giving notice of the occurrence of the injury to the employer runs from the time when it becomes apparent that such injury has resulted in, or is likely to cause, compensable disability." 502 P.2d at 188.

It is precisely that standard for the commencement of the limitation statute which § 27–12–503(a) seeks to effectuate. The statute creates a permissive limitation for injuries not readily apparent; compensation is not precluded until one year after the injury is *discovered* by the employee. I would hold that an injury is discovered when it becomes apparent that such injury has resulted in, or is likely to cause, compensable disability. In this case, the time for filing the claim should have run from the time when it became apparent to Ms. Grindle that her fall had resulted in, or was likely to cause, a compensable injury.

On February 15, 1984, the fact that Ms. Grindle had injured herself was readily apparent; but that she had incurred *compensable* injuries was not then known. I find no support in the record for the conclusion that Ms. Grindle received a readily apparent *compensable* injury on the day she fell. Absent this support, the trial court's finding that the "injury was readily apparent to the Claimant on February 15, 1984" is factually true, but invokes an erroneous principle for denial, contrary to prior decisions of this court. *Bemis v. Texaco, Inc.*, Wyo., 400 P.2d 529, reh. denied 401 P.2d 708 (1965), is expressly contrary to the present decision which now eliminates compensability from the limitation factors of readily apparent injuries. See also *In re Barnes*, supra. Knowledge of compensability, as the time-test factor for statute of limitations compliance, is missing in the court's decision since the determining factor for filing limitations is the *discovery* of compensability, and not the *occurrence* of some injury which could be self-correcting without medical care or time lost from employment.

The compensability rule of earlier Wyoming cases is similarly recognized in other jurisdictions. *Shepherd v. Easterling*

*Construction Company,* 7 Ark.App. 192, 646 S.W.2d 37 (1983) (knee); *Dillinger v. City of Sioux City,* Iowa, 368 N.W.2d 176 (1985) (back); *Rebiski v. Pioneer Telephone Company,* Minn., 262 N.W.2d 424 (1978) (back); *Bowerman v. Employment Security Commission,* Mont., 673 P.2d 476 (1983) (tendonitis); *Smith v. Dowell Corporation, a Division of Dow Chemical, USA,* 102 N.M. 102, 692 P.2d 27 (1984) (back); *Jones v. Home Indemnity Insurance Company,* Tenn., 679 S.W.2d 445 (1984) (back); *Houston General Insurance Company v. Vera,* Tex.App., 638 S.W.2d 102 (1982) (back). See also 3 Larson, Workmen's Compensation Law § 78.40 at 15–155 et seq.

Since the standard applied here by this court is contrary to its established precedent, as well as the intent of the constitutional amendment and our statute providing for employee benefits, I respectfully dissent.