In the Matter of the INJURY TO Wesley VAN BUSKIRK, Claimant.

CITY OF BUFFALO, Appellant (Employer),

v.

Wesley VAN BUSKIRK, Appellee (Claimant).

No. 86–251.

Supreme Court of Wyoming.

Aug. 21, 1987.

Dennis M. Kirven, Kirven & Kirven, Buffalo, for appellant.

Greg L. Goddard, Buffalo, for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

THOMAS, Justice.

The issue presented by this appeal is whether an award of additional permanent partial disability under the Wyoming Worker's Compensation Act (prior to July 1, 1987) is consistent with and sustained by the evidence. The district court found that Wesley Van Buskirk was entitled to receive an award of an additional 10% permanent partial disability. We conclude that there was sufficient evidence to sustain that finding, which is consistent with the evidence in the record, and we affirm the judgment of the district court.

The appellant, the City of Buffalo (hereinafter City), in attempting to overturn the decision of the district court, states the issue as:

"Was it in error for the District Court to order ten percent (10%) additional permanent partial disability to an employee who had a zero physical impairment rating from a medical physician and had an increase in his wages since the date of injury?"

Van Buskirk argues:

"The trial court correctly ruled that the appellee had met his burden of proof and was entitled to compensation for his inju-

ry under Wyoming's Worker's Compensation law."

Van Buskirk began working for the City in May of 1977. He was assigned to drive a street sweeper but also performed other tasks in the course of his employment. On June 12, 1979, Van Buskirk injured his upper back while changing a tire on a city truck. The City has admitted that his injury occurred during the course and within the scope of his employment. After he was injured, Van Buskirk filed a Workmen's Report of Accident, and the City did not object to his claim. Following the date of the injury, and continuing through most of 1983, Van Buskirk suffered headaches, back pain and pain in his right shoulder, and he sought extensive medical treatment for this injury. Because of the extended medical treatment, the State of Wyoming requested that Van Buskirk submit to a physical examination to determine the extent of his disability, and he was sent to Dr. Gerald L. Baker. Dr. Baker's report stated that Van Buskirk should be awarded a permanent partial disability rating of 30% for the injury to his upper back.

Then, at a hearing on April 9, 1984, it was disclosed that Van Buskirk previously had suffered an injury to his lower back while employed by the City of Casper. Subsequent to that injury, Van Buskirk had three operations on his back, including a back fusion. He ultimately received awards aggregating 30% permanent partial disability from Worker's Compensation because of the Casper injury. In the course of the April 9, 1984 hearing, Dr. Baker testified that he understood the original award to Van Buskirk was 20% permanent partial disability, and he had added 10% permanent partial disability, making a total of 30% permanent partial disability. After he had been informed that the prior award totaled 30% permanent partial disability, Dr. Baker, without re-examination of Van Buskirk, testified that he would rate Van Buskirk permanently partially disabled to the extent of an additional 10%.

After that hearing, the district court held that Van Buskirk should receive 10% additional permanent partial disability, resulting in his being 40% permanently partially disabled. Following a motion for a new trial, Van Buskirk was re-examined by Dr. Baker in July of 1986. Dr. Baker then re-affirmed his original opinion that Van Buskirk was permanently partially disabled to the degree of 10% as a result of the latest injury. A second hearing was held on September 2, 1986, and the district court again awarded Van Buskirk an additional 10% permanent partial disability because of the injury sustained by working for the City.

The record discloses that Van Buskirk continued to work for the City after he was injured, and over the course of the years he received several salary increases. In 1985, between the hearings in this case, he quit his job in Buffalo and accepted employment with the City of Worland. His salary at Worland is nearly the same as his salary was at Buffalo.

The City contends that in order for Van Buskirk to receive an award of permanent partial disability from the Worker's Compensation Fund, he must establish not only a physical impairment but a loss of earnings as well. According to 2 A. Larson, Law of Workmen's Compensation, § 57.11 (1986), an employee must either show he was injured in the medical or physical sense, or that he is de facto unable to earn wages. The City further asserts that there was not sufficient substantial evidence to sustain Van Buskirk's burden of showing the essential elements of permanent partial disability.

At the relevant time, permanent partial disability statutorily was defined in § 27–12–403(a), W.S.1977 (June, 1983 Rev.) as:

"(a) Permanent partial disability means the loss or permanent impairment of a limb or sense, or any other injury known to surgery or medicine to constitute permanent impairment of a bodily function."

The injury to Van Buskirk's back resulting in permanent partial disability is covered by the provisions of § 27–12–403(h), W.S. 1977 (June, 1983 Rev.):

"(h) For any other injury known to surgery or medicine to constitute permanent partial disability, the employee shall re-

ceive compensation in the amount proportional to the extent of permanent partial disability based as near as may be upon the foregoing schedule. One (1) factor to be considered is the ability of the employee to continue to perform work for which he was reasonably suited by experience or training prior to the injury."

This court has recognized consistently that the worker's compensation law is to be construed, if rationally possible, so that industry, and not the injured worker, will bear the burden of industrial accidents. *Conn v. Ed Wederski Construction Company*, Wyo., 668 P.2d 649 (1983); *Mor, Inc. v. Haverlock*, Wyo., 566 P.2d 219 (1977); *Wyoming State Treasurer ex rel., Workmen's Compensation Department v. Boston*, Wyo., 445 P.2d 548 (1968).

■ The degree of permanent partial disability is a question of fact to be resolved by the trial court. *State ex rel. Wyoming Worker's Compensation Division v. Lewis*, Wyo., 739 P.2d 1225 (1987). In reviewing the sufficiency of the evidence to sustain such a finding, we accept the prevailing party's evidence as true, give to it every favorable inference which may be drawn, and do not take into account conflicting evidence submitted by the other party. *Claim of Grindle*, Wyo., 722 P.2d 166 (1986). We will not interfere with the findings of fact by the trial court unless they are clearly erroneous or manifestly wrong and totally against the evidence. *Claim of Grindle*, supra, at 169.

■ When the evidence in this case is examined according to this standard, the facts disclosed are that Van Buskirk suffered a separate and distinct injury while working for the City for which he should be compensated. This injury to his upper back occurred some ten years after the injury to his lower back, and it was incurred within the scope of his employment. A prior award for permanent partial disability does not bar an employee from additional compensation premised upon a separate and distinct injury. We conclude that sufficient evidence is found in the record to support the decision of the district court that Van Buskirk is entitled to an award of an additional permanent partial disability.

■ We have not previously held that a worker must be incapacitated in order to receive an award pursuant to the Wyoming Worker's Compensation Act. In *Pacific Power and Light v. Parsons*, Wyo., 692 P.2d 226 (1984), we acknowledged that the workers' compensation law does not encourage indolence by requiring that the worker be completely idle in order to receive disability awards. In that instance, we said that if a person has sufficient ambition to try to work while disabled, he should not be deemed automatically to have recovered from his disability because one person may be willing to work with pain and disability while another may not. Consistently with that view, we conclude that Van Buskirk cannot be barred from compensation for an injury incurred in his employment because he continued to work. The evidence discloses that he did suffer a compensable injury and further suffered continuous pain for which he sought treatment. He should not be penalized because he chose to maintain his employment and work while in pain, rather than sit at home.

■ The City then argues that Van Buskirk is not entitled to compensation for permanent partial disability because his ability to earn income obviously has not been impaired. This Court held in *McCarty v. Bear Creek Uranium Company*, Wyo., 694 P.2d 93 (1985), that factors other than medical evidence may be considered in determining the amount of the award. We have not said, however, that other factors *must* be considered, or that *only* other factors *must* be considered in arriving at the appropriate award. In that case, we did point out that loss of income could be considered in appropriate instances. We have no mandatory rule, however, that we *must* look at earnings to determine the amount of the award. As Justice Rooney noted in his dissent "[o]ur law designedly restricts consideration to the effect an injury has on the ability to work, not the ability to earn money." *McCarty v. Bear Creek Uranium Company*, supra, 694 P.2d at 96.

The Wyoming statute relating to permanent partial disability based the loss on physical disability rather than the loss of earning capacity. " * * * One [1] factor to be considered is the ability of the employee *to continue to perform work* for which he was reasonably suited by experience or training prior to the injury." (Emphasis added.) Section 27–12–403(h), W.S. 1977 (June, 1983 Rev.). The general rule is stated in 82 Am.Jur.2d, *Workmen's Compensation*, § 348, at 146 (1976), as follows:

"The rule in many jurisdictions is that the mere fact that after the injury the employee receives, or is offered, his former wages, or a larger sum, does not necessarily preclude recovery of compensation under the compensation statute. Notwithstanding the fact that an injured workman may be receiving the same, or even higher, wages than before the injury, his capacity to earn may have been diminished; and under various statutes it has been held, accordingly, that the incapacity of an injured workman is not to be measured solely by the wages which he receives, or his earnings, after the injury, since the amount of such wages or earnings may be affected by various extraneous matters or factors. * * * " (Footnotes omitted.)

This general rule has been supported by cases in the neighboring jurisdiction of Colorado. *Ampex Corporation v. Industrial Commission,* Colo.App., 699 P.2d 980 (1985); *Vail Associates, Inc. v. West,* Colo. App., 661 P.2d 1187 (1982). It also is consistent with our holding in *Pacific Power and Light v. Parsons,* supra.

We are satisfied that sufficient evidence in the record supports the finding by the trial court that Van Buskirk suffered a separate and distinct compensable injury to his upper back and that the additional disability is 10% permanent partial disability. That permanent partial disability is not affected by the fact that Van Buskirk has continued to work and has received increases in his salaries. We affirm the judgment of the trial court awarding an additional 10% permanent partial disability to Van Buskirk.