In the Matter of the Protest upon the Worker's Compensation Claim of Edward MEREDITH.

**KILBURN TIRE, Appellant (Respondent/Employer),**

v.

**Edward MEREDITH, Appellee (Claimant/Employee).**

No. 87–81.

Supreme Court of Wyoming.

Oct. 7, 1987.

Thomas J. Davidson of Brown & Davidson, Rawlins, for appellant.

Catherine MacPherson of Johnson, MacPherson & Noecker, Rawlins, for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

BROWN, Chief Justice.

This is an appeal from an award of temporary total disability payments and medical expenses to appellee Edward Meredith (Meredith) on a worker's compensation claim.

Appellant employer, Kilburn Tire (Kilburn) raises three issues:

"1) The appellee should have been disqualified from entitlement to benefits under § 27–12–412, W.S.1977.

"2) Appellee's failure to give notice or to file his report of injury for over 17 months from the date he knew he had suffered a work-related injury should have resulted in a denial of benefits.

"3) The appellee's claim for benefits should have been denied as due to his own culpable neglect and, thus, not an 'injury,' and by the applicable limitations period."

We affirm on all issues.

Mr. Meredith, a fifty-eight year old mechanic, worked for Kilburn for nine and one-half years. His job involved daily contacts with cleaning solvents, gasoline, grease, oil, rubber and chrome. He was in good health before working for Kilburn, but developed allergic skin reactions and other symptoms four to five years before the February, 1987, district court hearing on his case. These conditions prompted Meredith to seek medical advice at a Cheyenne hospital in 1983 where he was diagnosed as suffering from allergic reactions to substances in his work environment. He was treated with salves and lotions through November, 1984, when the doctor suggested to him that he change work to alleviate some of his symptoms. Meredith's allergic reactions persisted sporadically for the next seventeen months while he continued working at Kilburn.

In April, 1986, Meredith's condition began to worsen. In August, 1986, he again sought medical advice, this time from a Dr. Bridenstine in Lander. Dr. Bridenstine diagnosed Meredith as suffering from severe allergic reactions to substances in his workplace, and ordered Meredith to quit working at Kilburn. By the time of the district court hearing in January, 1987, Meredith's symptoms were gone—the only apparent reason being his lack of contact with the offending substances.

Meredith filed a report of injury on August 14, 1986, and then quit work at Kilburn on August 29, 1986. He filed for initial temporary total disability on September 18, 1986. After the February 7, 1987, hearing on the claim, the District Court for the Second Judicial District of Wyoming found that Meredith learned of the work-related nature of his allergies in November, 1984, and that he was advised to look for other work at that time. The district court, however, found this advice was not a "medical enjoinder" or order prohibiting Meredith from working at Kilburn. The district court further found that the first specific medical enjoinder that Meredith received ordering him to end his job at Kilburn occurred in mid-August, 1986. Thus, the court found the claim to be timely and ordered temporary total disability benefits

from August 29, 1986, through January 7, 1987.

■ Kilburn first argues that the language of § 27–12–412, W.S.1977 (June 1983 Replacement), denied Meredith entitlement to benefits because he continued to work at Kilburn contacting the offending substances for twenty-one months after learning of his allergies. The statute relevant at that time provided:

"If an injured employee persists in an unsanitary or injurious practice which tends to imperil or retard his recovery, or if he refuses to submit to medical or surgical treatment reasonably essential to promote his recovery, he forfeits all right to compensation under this act [§§ 27–12–101 through 27–12–804]. Forfeiture shall be determined by the district judge."

The actions required of an injured claimant necessary to invoke a forfeiture order by the district court have been explained previously by this court as follows:

" * * * The 'practice' must be something more than an occasional thoughtless or careless act, and must be shown to have been persisted by the injured workman. Among definitions of the verb 'persist' we find the following: ' * * * To continue steadily and firmly in some state, course of action, or pursuit, especially in spite of opposition, remonstrance, etc.' [Citation.]" *In re Hibler,* 37 Wyo. 332, 341, 261 P. 648, 651 (1927).

Section 27–12–412 plainly requires the finder of fact, in the instant case the district court, to initially determine whether the injured claimant has acted in conformity with the above definitions. If so, the district judge is to declare a forfeiture of the claim.

When reviewing the sufficiency of the evidence to sustain such a finding, we accept the prevailing party's evidence as true, giving it all favorable inferences which fairly and reasonably can be drawn from it. *Claim of Grindle,* Wyo., 722 P.2d 166, 169 (1986). We will not upset factual findings of the trial court unless they are clearly erroneous or contrary to the great weight of the evidence. *Claim of Grindle, supra.*

This standard of review is coupled with the requirement that the burden of establishing a forfeiture of a worker's compensation claim rests squarely on the employer. *Stanolind Oil & Gas Co. v. Harvey,* 52 Wyo. 349, 353, 75 P.2d 1, 2 (1938). We also construe the forfeiture mandate found in § 27–12–412 strictly, due to the harshness of statutory forfeiture. *In re Hibler, supra.*

Applying these standards, we uphold the trial court's determination that Meredith's November, 1984, knowledge of his work-related allergies did not arise out of a medical enjoinder to quit his work as a mechanic. We do not accept Kilburn's invitation to reevaluate the facts on this issue. More than sufficient evidence existed for the trial court to find that Meredith's conduct did not rise to the level necessary to activate the forfeiture statute.

■ Kilburn next argues that § 27–12–502(a) disqualifies Meredith's claim as untimely filed. The statute provides:

"(a) If an employee is injured he shall make a report of the occurrence and general nature of the injury to the employer within twenty-four (24) hours after the injury became apparent, and to the clerk of court within twenty (20) days thereafter, and file the report in the office of the clerk of court of the county in which the accident occurred. If the injured employee is physically unable to comply, someone on his behalf or his dependents or someone on their behalf in the case of death, shall make and file the reports. The reports shall contain such information as provided by rules and regulations adopted by the director."

A claimant must file a report of injury with the clerk of court within twenty days of the "injury" which, under this statute, is a "compensable injury." *Baldwin v. Scullion,* 50 Wyo. 508, 525–526, 62 P.2d 531, 539, 108 A.L.R. 304 (1936). The trial court determines when a compensable injury occurs, *Big Horn Coal Company v. Wartensleben,* Wyo., 502 P.2d 187 (1972), and we defer to that finding under the previously

articulated standard of review. *Claim of Grindle*, supra at 169.

The trial court determined a compensable injury arose on about August 14, 1986, the same day Meredith filed his report of injury. Again, we decline to reevaluate the trial court's factual findings because they have not been shown to be clearly erroneous. Meredith's claim was timely under § 27-12-502(a).

■ Kilburn's final argument is that Meredith's allergic dermatitis from and after November, 1984, was the exclusive result of his own culpable negligence, and is not a statutorily defined "injury." Section 27-12-102(a)(xii)(C), defined "injury" as:

"(xii) 'Injury' means any harmful change in the human organism other than normal aging, * * * arising out of and in the course of employment while at work in or about the premises occupied, used or controlled by the employer, incurred while at work in places where the employer's business requires an employee's presence and which subjects the employee to extrahazardous duties incident to the business. The term does not include:

"(C) Injury due solely to the culpable negligence of the injured employee."

We define culpable negligence as "serious and willful misconduct" of a "grave and aggravated character." *Barnette v. Doyle*, Wyo., 622 P.2d 1349, 1362 (1981); and *Hamilton v. Swigart Coal Mine*, 59 Wyo. 485, 143 P.2d 203, 206, 149 A.L.R. 998 (1943). We also review the trial court's determination of the existence of culpable negligence using the standards described above in *Claim of Grindle*, supra at 169.

Kilburn once again argues that the trial court's factual determination was wrong. It apparently would have us compare the trial court's findings of no culpable negligence with those in several older cases where we upheld a trial court's findings that culpable negligence existed. See *Barnette v. Doyle*, supra at 1363; *Hamilton v. Swigart Coal Mine*, supra 143 P.2d at 207; *Fuhs v. Swenson*, 58 Wyo. 293, 308, 131 P.2d 333, 339 (1942). The applicable standard of review prohibits this comparison. The question in appellant's third assignment of error is whether Meredith was properly found to lack culpable negligence by working for Kilburn before August 14, 1986. The trial court's finding of no culpable negligence in this respect was not clearly erroneous. There was more than sufficient evidence for a finding that Meredith was not under medical order to quit working as a mechanic between November, 1984, and August, 1986, and was not working at Kilburn with knowledge of the potential severity of his allergies. We uphold the trial court's findings.

Lastly, Kilburn's assertion that the statute of limitations for filing a formal claim for benefits within one year of a single occurrence injury (or three years of a last injurious exposure for an injury arising over a substantial period of time), § 27-12-503(b), is baseless when we uphold the trial court's findings. Meredith filed his application for claim on September 18, 1986, just thirty-three days after his compensable injury. He met all of the statutory time limits no matter how his injury is characterized.

Affirmed.