2002 WY 101

In the Matter of the Worker's Compensation Claim of:

Lorraine M. KUNTZ–DEXTER, Appellant (Employee–Claimant),

v.

STATE OF WYOMING ex rel. WYOMING WORKERS' SAFETY AND COMPEN-SATION DIVISION, Appellee (Objector–Defendant).

No. 01–101.

Supreme Court of Wyoming.

July 3, 2002.

Rene Botten, Sheridan, Wyoming, Representing Appellant.

Hoke MacMillan, Wyoming Attorney General; John W. Renneisen, Deputy Attorney General; Gerald L. Laska, Senior Assistant Attorney General; David L. Delicath, Assistant Attorney General, Representing Appellee.

Before HILL, C.J., and GOLDEN, LEHMAN *, KITE, and VOIGT, JJ.

GOLDEN, Justice.

[¶ 1]   In this appeal, we consider whether the hearing examiner properly denied worker's compensation benefits to Appellant Lorraine M. Kuntz–Dexter (Kuntz–Dexter).  After Appellee Wyoming Workers' Safety and Compensation Division (Division) denied benefits for medical and temporary total disability claims and a hearing was held, Kuntz–Dexter provided testimony from her treating physician that her injury was work-related.  Benefits were again denied by the hearing examiner after it found that the basis for the medical testimony was information provided by Kuntz–Dexter, and the hearing examiner concluded that the evidence showed her testimony that the injury was work-related was not credible.

[¶ 2]   We hold that the hearing examiner's findings of fact and conclusions of law are supported by substantial evidence.  The order denying benefits is affirmed.

* Chief Justice at time of oral argument.

## ISSUES

[¶ 3]   Kuntz–Dexter presents the following issue for our review:

I.  The Order Denying Benefits, dated February 26, 2001, is arbitrary, capricious, and an abuse of discretion in that the findings of fact proffered by the Hearing Examiner were factually incorrect and not supported by substantial evidence.

The Division presents two issues for our review:

I.  Does substantial evidence support the Hearing Examiner's finding that Appellant did not initially indicate to her health care providers that she believed her condition was work-related?

II.  Did the Hearing Examiner correctly conclude, under the appropriate burden of proof, that Appellant failed to prove that a work injury caused her herniated disc?

## FACTS

[¶ 4]   Kuntz–Dexter has worked in various positions for the Sheridan County Memorial Hospital since 1991.  On June 1, 2000, she worked as a filing clerk in the records department and moved files of medical records from one shelf to another in a storage area.  She testified that she moved about 800 files weighing twenty to thirty pounds each for an entire day and experienced shoulder pain.  She did not report an injury to her employer and continued to work until June 8 when she called in a sick leave absence because her pain symptoms had progressed.  On June 9, she again called in a sick leave absence, called·a doctor she had been seeing for pain symptoms associated with an injury suffered in February of 2000, and obtained a prescription for physical therapy.  Her pain symptoms became severe, and she reported to the emergency room for treatment on June 10 and 11, 2000.  After seeing several doctors, she was ultimately diagnosed with a disc herniation at C7–T1 and underwent surgery.

[¶ 5]   Kuntz–Dexter filed a report of injury with the Division on June 19, 2000, which did not include the date that the employer was notified; however, her supervisor testi-

fied that Kuntz–Dexter notified her of the injury on June 19, 2000. Upon receiving the claimant's medical records, the Division denied benefits, and the matter was set for hearing. In its disclosure statement, the Division contended that benefits must be denied for late filing in violation of Wyo. Stat. Ann. § 27–14–502(c), and because the injury was not work-related. At the hearing, the Division contended that Kuntz–Dexter's present symptoms resulted from preexisting injuries and that no injury occurred on June 1, 2000. The hearing examiner made a specific finding that Kuntz–Dexter had shown by clear and convincing evidence that no prejudice was suffered by the late filing, and the Division does not challenge that determination in this appeal. The hearing examiner did find that Kuntz–Dexter had begun experiencing symptoms associated with a herniated disc, and the issue to be resolved was whether those symptoms were caused by the claimed work-related injury of June 1, 2000.

[¶ 6] The hearing examiner found that years earlier, Kuntz–Dexter suffered a broken neck, had cervical surgery, had since then experienced a long history of neck, back and shoulder pain, and in February of 2000 had suffered chest and neck pain when she frontally collided with a door jamb. The findings of fact stated that although Kuntz–Dexter discussed her pain symptoms with several different doctors or nurses between June 9 and June 15, the medical records from these visits did not include any mention that the injury was caused by lifting 800 very heavy files a week earlier. The hearing examiner determined that on June 30, Kuntz–Dexter's surgeon indicated she had suffered a work-related injury; however, in his deposition, the doctor testified that this determination was based on the history provided by the claimant.

[¶ 7] The hearing examiner found that Kuntz–Dexter's supervisor testified that files are moved by handfuls at most and do not weigh more than four to six pounds, she had seen claimant move files by the handful on other occasions, Kuntz–Dexter did not tell anyone at work that she was injured, and had missed work on June 8 and 9 to attend a wedding.

[¶ 8] Benefits were denied after the hearing examiner examined the conflicting evidence and concluded that the evidence did not prove the claim that moving medical files caused the injury. After the district court certified the petition for review pursuant to W.R.A.P. 12.09, this appeal followed.

## DISCUSSION

*Standard of Review*

[¶ 9] The claimant has the burden of proving every essential element of his claim by a preponderance of the evidence. *State ex rel. Wyoming Workers' Compensation Div. v. Waggener,* 946 P.2d 808, 814 (Wyo.1997); *Goddard v. Colonel Bozeman's Restaurant,* 914 P.2d 1233, 1236 (Wyo.1996). Under the statutory definition of injury, he must prove that his injury arose out of and in the course of his employment. *Id.* Whether an employee's injury occurred in the course of his employment is a question of fact. *Id.*

[¶ 10] We recently held that the substantial evidence test is the appropriate standard of review in appeals from Wyoming Administrative Procedures Act contested case proceedings when factual findings are involved and both parties submit evidence. *Newman v. Wyoming Workers' Safety and Compensation Division,* 2002 WY 91, ¶ 22 (Wyo.2002). We further held, that when only the party with the burden of proof submits evidence in the contested case proceeding and that party does not ultimately prevail, the arbitrary or capricious standard governs the judicial review of that agency decision. *Id.* Even if the factual findings are found to be supported by substantial evidence, the ultimate agency decision may be found to be arbitrary or capricious for other reasons. *Id.* at ¶ 23. We do not examine the record only to determine if there is substantial evidence to support the board's decision, but we must also examine the conflicting evidence to determine if the hearing examiner could have reasonably made its finding and order upon all of the evidence before it. *Id.* at ¶ 24, ¶ 25. Because both parties presented cases-in-chief, we apply the substantial evidence standard. We afford respect and deference to a hearing examiner's findings of fact if they

are supported by substantial evidence. *Haagensen v. State ex rel. Workers' Compensation Div.*, 949 P.2d 865, 867 (Wyo.1997). Our task is to examine the entire record to determine whether substantial evidence supported the hearing examiner's findings. *Waggener,* 946 P.2d at 814. We will not substitute our judgment for that of the hearing examiner when substantial evidence supports his decision. *Id.* Substantial evidence is relevant evidence which a reasonable mind might accept in support of the agency's conclusions. *Id.* A hearing examiner's conclusions of law are afforded no special deference and will be affirmed only if truly in accord with law. *State ex rel. Wyoming Workers' Compensation Div. v. Barker,* 978 P.2d 1156, 1159 (Wyo.1999).

*Medical Testimony*

 [¶ 11] Claimant's primary contention in this appeal is that the hearing examiner's finding that she had not reported lifting as the cause of her injury to various treating medical doctors until June 30 is not supported by the evidence. The Division concedes that the hearing examiner's findings of fact contain minor mistakes, such as naming a doctor instead of the physical therapist, but insists that a review of the medical records supports the hearing examiner's basic conclusion that claimant did not describe lifting files at work as the cause of her injury until the end of June, and further contends that those records would have justified the hearing examiner's concluding that claimant was actually injured on June 6, 2000, a date when she was not at work.

[¶ 12] Our review of the record indicates that the Division's argument is supported by the medical testimony. On June 11, claimant reported that she had injured herself by "lifting/twisting 4 days ago," which would put the date of injury as June 7 and mentions nothing about a work-related injury. The next day, June 12, claimant is documented as having said that she "can't recall an incident that preceded the pain," but also noted that claimant "is employed as a clerk at Sheridan

Memorial Hospital and her job requires prolonged sitting and repetitive motions with data entry." Claimant relies upon her testimony at trial to argue that these notes omitted her explanations that she had been injured while lifting for an entire day files that weighed in excess of twenty pounds. The hearing examiner was entitled to disbelieve claimant's testimony, and it appears that the hearing examiner did disbelieve her after finding her testimony of her activities on June 1, 2000, was inconsistent with her co-workers' testimony about file handling and weight, and inconsistent with medical records of her statements. As the finder of fact, the hearing examiner must weigh the evidence and resolve any conflicts. The hearing examiner did exactly that, and its conclusion is supported by substantial evidence.

[¶ 13] Claimant argues that by June 30, the medical evidence did state that she had suffered a work-related injury on June 1, 2000, and because her injury presented a complex medical question, this expert testimony should not be ignored. The hearing examiner's findings of fact indicate that it did examine this evidence but determined that the expert conclusion was based upon the history provided by claimant and was, therefore, not credible. A hearing examiner is entitled to reject claimant's testimony about events and dates if other evidence indicates that it is not credible. Credibility determinations are the unique province of the hearing examiner, and we eschew reweighing those conclusions. *Rice v. State ex rel. Wyo. Workers' Safety and Comp. Div.,* 2001 WY 21, ¶ 17, 19 P.3d 508, ¶ 17 (Wyo. 2001). Because claimant failed to prove by a preponderance of the evidence that she suffered a work-related injury, the hearing examiner's decision is affirmed.