2003 WY 88

**In the Matter of the Worker's Compensation Claim of Cheryl KESTIE.**

**State of Wyoming, ex rel., Wyoming Workers' Safety and Compensation Division, Appellant (Respondent),**

**v.**

**Cheryl Kestie, Appellee (Petitioner).**

No. 02–194.

Supreme Court of Wyoming.

July 17, 2003.

Hoke MacMillan, Attorney General; John W. Renneisen, Deputy Attorney General; and David L. Delicath, Assistant Attorney General, Cheyenne, Wyoming, Representing Appellant.

Barbara A. Baker, Sheridan, Wyoming, Representing Appellee.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

VOIGT, Justice.

[¶ 1] The district court reversed a determination by the Worker's Safety and Compensation Division (Division) that the appellee, Cheryl Kestie (Kestie), was untimely in responding to the Division's final determination denying benefits. We affirm the district court and remand to the district court for further remand to the Division for proceedings consistent herewith.

## ISSUES

[¶ 2] The parties' divergent views of this case are reflected in their divergent statements of the issue being appealed. The Division presents the issue as follows:

The agency determined that Ms. Kestie did not file a timely response to the Division's January 21, 2000 final determination denying benefits for carpal tunnel syndrome. Does substantial evidence support that determination?

[¶ 3] Kestie describes the issue quite differently:

Did the District Court properly determine that Employee/Claimant should be entitled to present evidence regarding her medical condition based upon her June 2001 filing?

## FACTS

[¶ 4] Kestie worked for Children's Center in Sheridan. In November 1999, she submitted to the Division a claim for worker's compensation benefits for a condition she suspected to be carpal tunnel syndrome.[1] The claim was submitted on the wrong form—employer instead of employee—and it contained no authorization for the Division to obtain Kestie's medical records. Nevertheless, the Division treated Kestie's submission as an injury report and sent Kestie a letter entitled "Initial Review: Notice of Lack of Information," asking Kestie to complete an enclosed injury report form, a written statement as to how the injury occurred, and an authorization to release medical information.

[¶ 5] The Division requested receipt of Kestie's written responses by January 3, 2000. Kestie did not respond, however, and on January 21, 2000, the Division issued a Final Determination denying benefits for lack of medical information and Kestie's failure to sign and submit the Employee's Report of Injury. The Final Determination also notified Kestie that she had the right to file a written objection and request for hearing on or before February 11, 2000. That date passed without Kestie submitting anything further to the Division.

[¶ 6] On May 9, 2001, nearly sixteen months after issuance of the Final Determination, the Division received from Kestie another Employer's Report of Injury. Then, on June 16, 2001, Kestie filed an Employee's Report of Injury.[2] The reports indicated symptoms similar to those Kestie had reported in November 1999, and indicated that the employer had been notified of the injury on December 15, 1999. The Division considered the reports filed in 2001 to be an untimely objection to the Final Determination of January 21, 2000, and sent Kestie a Notification of Late Response on July 5, 2001. The notification stated that Kestie had until July 26, 2001, to file a written request for a hearing if she "still believe[d] that [her] objection was timely filed...." On July 12, 2001, the Division received Kestie's letter requesting a hearing.

[¶ 7] A hearing examiner from the Division's Internal Hearing Unit conducted an evidentiary hearing on October 17, 2001. At the hearing, Kestie testified that the applica-

---

1. Kestie had not at that time been examined by a physician and she did not have a physician's diagnosis.

2. The record does not disclose how it came about that Kestie filed two separate reports in 2001.

tion for benefits in 2001 was for the same condition she had in 1999. She further testified that, although she had received the Notice of Lack of Information, the press of family matters dictated that "it was not a good time" to pursue worker's compensation benefits, so she did not respond to the Division's request.

[¶ 8] The hearing examiner issued recommended findings of fact and conclusions of law. After setting forth the facts outlined above and chronicling the Division's utilization of proper statutory and administrative procedures, including appropriate notice to Kestie, the hearing examiner recommended that a final order be entered finding that Kestie did not respond to the Final Determination within the time allowed by law and declaring the Final Determination a final order binding on all parties and not subject to further administrative or judicial review. The Final Agency Order to that effect was signed November 23, 2001, by the Director of the Department of Employment.

[¶ 9] Kestie challenged the final order by filing in the district court a Petition for Review of Administrative Action pursuant to Wyo. Stat. Ann. § 16–3–114 (Lexis-Nexis 2003) and W.R.A.P. 12. The district court reversed and remanded the case to the Division "with the direction to allow Petitioner/Claimant an opportunity to present evidence regarding claims for possible compensable injury submitted in June of 2001." The Division has appealed that decision to this Court.

## STANDARD OF REVIEW

 [¶ 10] In appeals from administrative agencies, we afford no deference to the conclusions reached by the district court and we review such cases as if they had come directly from the agency. *Appleby v. State ex rel. Wyoming Workers' Safety and Compensation Div.*, 2002 WY 84, ¶ 9, 47 P.3d 613, 616 (Wyo.2002). Where both parties presented evidence at the agency hearing, we apply the substantial evidence test to findings of fact. *Newman v. State ex rel. Wyoming Workers' Safety and Compensation Div.*, 2002 WY 91, ¶ 22, 49 P.3d 163, 171

(Wyo.2002). That test has been described as follows:

> "In reviewing findings of fact, we examine the entire record to determine whether there is substantial evidence to support an agency's findings. If the agency's decision is supported by substantial evidence, we cannot properly substitute our judgment for that of the agency and must uphold the findings on appeal. Substantial evidence is relevant evidence which a reasonable mind might accept in support of the agency's conclusion. It is more than a scintilla of evidence."

*Id.*, 2002 WY 91, ¶ 12, 49 P.3d at 168 (*quoting In re Jensen*, 2001 WY 51, ¶ 10, 24 P.3d 1133, 1136 (Wyo.2001)). Even where there is substantial evidence to support the findings of fact, however, we may apply the "arbitrary and capricious" standard as a "safety net" to catch agency action that prejudiced a party's substantial right to the administrative proceeding or was contrary to other administrative review standards. *Hoff v. State ex rel. Wyoming Workers' Safety and Compensation Div.*, 2002 WY 129, ¶ 8, 53 P.3d 107, 110 (Wyo.2002). We affirm an agency's conclusions of law only if they are truly in accord with law. *Kuntz–Dexter v. State ex rel. Wyoming Workers' Safety and Compensation Div.*, 2002 WY 101, ¶ 10, 49 P.3d 190, 193 (Wyo.2002). "Whether an employee's claim is to be barred for failure timely to file notice or a claim is a mixed question of fact and law." *Logue v. State ex rel. Wyoming Workers' Safety and Compensation Div.*, 2002 WY 62, ¶ 13, 44 P.3d 90, 95 (Wyo.2002).

## DISCUSSION

[¶ 11] The Division argues that the only issue before the agency and subsequently before the district court on appeal was whether Kestie had complied with the procedural requirements to have her claim decided on the issue of compensability. The Division contends that the district court erred when it ordered a remand because substantial evidence supports the Director's ruling that Kestie's objection was untimely. The Division argues that the 2001 injury report is either an untimely response to the Division's

final determination denying benefits or it is an untimely report of a 1999 injury.

[¶ 12] Kestie's response is multi-faceted. First, she contends that in 1999 she had not even been to a doctor and had not been diagnosed. Consequently, the nature, cause, and date of her injury were unknown. Second, Kestie contends that her 1999 submission should not even have been considered a claim, inasmuch as it did not meet basic filing requirements. Third, Kestie notes that the Division denied benefits after the 1999 filing on the ground that "we cannot open the case because an unsigned injury report is not filed in a manner prescribed by the Division...." And fourth, Kestie argues that her 2001 filing clearly was a report of injury and not an objection to the earlier denial.

[¶ 13] The district court's reversal of the Final Agency Order was premised upon the following reasoning:

CTS [carpal tunnel syndrome] is a condition generally not described as trauma resulting from one incident. Prior cases indicate CTS can be caused and/or aggravated by employment. Determining if CTS is a work related, compensable injury requires an analysis of whether, "... work effort contributed to a material degree to the precipitation, aggravation or acceleration of the existing condition of the employee." *Frontier Refining, Inc. v. Payne,* 23 P.3d 38, 40 (Wyo.2001).

Even if Petitioner suffered from CTS in 1999, she did not have an opportunity to present evidence of any aggravation or acceleration of an existing condition due to denial on procedural grounds. It seems noteworthy that Petitioner's 1999 claim did not contain expert opinion that she suf-

fered from CTS. Petitioner's *lay opinion* her condition in 2001 was the same as in 1999 should not preclude either side from offering expert medical opinions on the subject.

(Emphasis in original.)

[¶ 14] The district court did not simply conclude that the Division's reliance upon procedural default denied Kestie an opportunity to be heard on the merits, so she should be afforded such an opportunity. Rather, the district court correctly concluded that by treating Kestie's 2001 injury report as a late-filed objection to the Division's Final Determination, the Division denied Kestie the chance to prove that the injury from which she suffered in 2001 was compensable. Kestie's lay opinion that the underlying condition was the same, in and of itself, should not have been fatal to her claim. The Division must assess the 2001 injury report on its own merits, or lack thereof.[3]

**CONCLUSION**

[¶ 15] The Division erred in treating Kestie's 2001 report of injury as an untimely objection to denial of her 1999 claim. We affirm the district court and remand to the district court for remand to the Division for further proceedings consistent with this opinion.

---

3. By this resolution, we do not hold that the Division is foreclosed from assessing whether the 2001 filing met the procedural requirements for an injury report, including timeliness.