2003 WY 162

**In the Matter of the WORKER'S COMPENSATION CLAIM OF: Keith IVERSON, Appellant (Employee–Claimant),**

v.

**FROST CONSTRUCTION, Appellee (Employer–Objector).**

No. 02–208.

Supreme Court of Wyoming.

Dec. 16, 2003.

---

Representing Appellant: Colin M. Simpson of Simpson, Kepler & Edwards, LLC, Cody, Wyoming.

Representing Appellee: Randy L. Royal, Greybull, Wyoming.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

GOLDEN, Justice.

[¶ 1]   In this appeal, the primary issue we must resolve is whether the hearing examiner properly resolved the date of compensable injury.   Appellant Keith Iverson was involved in two separate incidents that caused pain in his lower back.   After the first incident, he completed all assigned shifts and overtime for several weeks.   After the second incident, he finished his shift and completed another the next day, but then notified his employer of the injury, discontinued work, sought medical treatment and, based upon x-rays, was diagnosed with a herniated disc.

[¶ 2]   Iverson filed an injury report within one week after the second incident and, although the Worker's Compensation Division granted benefits, Appellee Frost Construction contested that decision and requested a hearing.   The Division withdrew, and Frost appeared at the hearing.   Iverson contended

that the second incident resulted in the herniated disc; however, the hearing examiner decided that Iverson had suffered a compensable, work-related injury on the earlier occasion and, because he neither reported the injury to a supervisor nor filed an injury report within the statutory time frame, his claim for benefits was found to be untimely and denied. The denial of benefits was upheld by the district court, and that order is challenged on those grounds articulated in the statement of issues.

[¶3] We accept the hearing examiner's conclusion that Iverson suffered a work-related injury in the first incident; however, our law is well established that statutory reporting requirements are not triggered when an employee sustains an apparent trivial injury which does not result in present disability and which would not reasonably be expected to cause future disability. An employee is charged with knowing the full extent and nature of the injury no later than when a correct diagnosis and prognosis of present or likely future disability is communicated to the claimant. At that point, the injury is discovered, it is compensable, and the statute of limitations begins to run. Applying the correct rules of law, we hold that the relevant facts show that Iverson timely reported his injury to his supervisor and the Division. We reverse and remand for entry of an order granting benefits.

## ISSUES

[¶4] Iverson presents the following statement of the issues:

I. The decision of the Office of Administrative Hearings, in setting aside its finding of compensability and ordering a contested hearing, was contrary to law and established precedent.

II. The decision of the Office of Administrative Hearings was outside the scope of the issues raised in these proceedings and therefore improper.

III. The decision of the Office of Administrative Hearings, that Appellant did not timely comply with the requirements of W.S. § 27–14–502(a) (LexisNexis 2001), was contrary to law, established precedent and the great weight of the evidence.

IV. The decision of the Office of Administrative Hearings in denying benefits to Appellant was not supported by substantial evidence.

Frost does not rephrase any of the issues.

## FACTS

[¶5] Iverson worked as a truck driver for Frost Construction. On April 3, 1998, another Frost driver operating a road grader contacted the back of Iverson's truck at a few miles per hour. Iverson was jolted and experienced a burning sensation in his lower back. The other driver testified that the road grader had a push plate on the front and Iverson's truck had a push plate on the back that allowed for contact when the heavy trucks became stuck in fill. The road grader driver testified that he pushed various dump trucks in the same manner up to twenty or thirty times per day. Neither driver reported the contact to Frost, and Iverson continued to work all assigned shifts including overtime.

[¶6] In early May, Iverson injured himself while moving items for his girlfriend but again continued to work. Several weeks later, Iverson claimed that he experienced severe back and leg pain for the first time on May 14, 1998, while chopping asphalt from the gates of his bellydump truck while lying on his back. However, he completed his shift. Iverson worked the next day, May 15, 1998, and claimed that his back and leg hurt while shoveling gravel. The hearing examiner found that Iverson's claim of injury on these days was not credible because he worked full shifts on both days and did not tell his supervisor that he had injured his back. Based on these findings, the hearing examiner concluded that Iverson's injury had occurred in the April work incident, he had failed to timely report it, and this failure prejudiced Frost.

[¶7] The record shows that on May 18, 1998, Iverson discontinued working, notified his employer that he had been injured, and received chiropractic treatment from Dr. Grant who testified that he believed that Iverson was suffering from a misaligned vertebra. Iverson filed an injury report on May

22, 1998, that stated he had hurt his back at work on May 14. When Dr. Grant's manipulations did not relieve his pain, Iverson saw Dr. Gary Shinn on June 1, 1998. Dr. Shinn took x-rays and diagnosed a herniated disc. Dr. Shinn referred Iverson to Dr. Moseley for a surgical evaluation. On June 8, 1998, Dr. Moseley documented that, after Iverson was rear-ended, he developed burning in his back but continued to work and it was only after he twisted his back on May 14, 1998, that Iverson developed leg pain.

[¶ 8] Iverson's girlfriend testified at the hearing that, after Iverson was struck by the road grader, he complained of back and leg pain. Iverson testified that he did not experience leg pain until he twisted his back on May 14. Considering this testimony to be a dispute in the evidence, the hearing examiner determined that Iverson's testimony was not credible, determined that the girlfriend's testimony established leg pain in April, and concluded that Iverson had not been injured in May, but rather in April.

[¶ 9] A review of Iverson's girlfriend's complete testimony shows that she did not specifically state that the leg pain began in April, was never precise about the dates of his complaints, and placed the time of his worsening symptoms at the time that she began to take him in for medical treatment. The medical documents indicate that Iverson received no medical treatment until after May 14, 1998. However, the hearing examiner denied benefits, and, after the district court upheld that denial, this appeal followed.

## DISCUSSION

*Standard of Review*

[¶ 10] "The claimant has the burden of proving every essential element of his claim by a preponderance of the evidence. Under the statutory definition of injury, he must prove that his injury arose out of and in the course of his employment. Whether an employee's injury occurred in the course of his employment is a question of fact." *Kuntz–Dexter v. State ex rel. Wyo. Workers' Safety and Comp. Div.;* 2002 WY 101, ¶ 9, 49 P.3d 190, ¶ 9 (Wyo.2002) (citations omitted).

[¶ 11] The substantial evidence test is the appropriate standard of review in appeals from Wyoming Administrative Procedures Act contested case proceedings when factual findings are involved and both parties submit evidence. *Id.* at ¶ 10 (citing *Newman v. Wyo. Workers' Safety and Comp. Div.,* 2002 WY 91, ¶ 22, 49 P.3d 163, ¶ 22 (Wyo. 2002)). Because both parties presented cases-in-chief, we apply the substantial evidence standard. We afford respect and deference to a hearing examiner's findings of fact if they are supported by substantial evidence. *Kuntz–Dexter,* ¶ 10. Our task is to examine the entire record to determine whether substantial evidence supported the hearing examiner's findings. We will not substitute our judgment for that of the hearing examiner when substantial evidence supports his decision. *Id.*

[¶ 12] Substantial evidence is relevant evidence which a reasonable mind might accept in support of the agency's conclusions. *Id.* When only the party with the burden of proof submits evidence in the contested case proceeding and that party does not ultimately prevail, the arbitrary or capricious standard governs the judicial review of that agency decision. *Id.* Even if the factual findings are found to be supported by substantial evidence, the ultimate agency decision may be found to be arbitrary or capricious for other reasons. *Id.*

[¶ 13] We do not examine the record only to determine if there is substantial evidence to support the hearing examiner's decision, but we must also examine the conflicting evidence to determine if the hearing examiner could have reasonably made its finding and order upon all of the evidence before it. *Id.* A hearing examiner's conclusions of law are afforded no special deference and will be affirmed only if truly in accord with law. *Id.; State ex rel. Wyo. Workers' Comp. Div. v. Barker,* 978 P.2d 1156, 1159 (Wyo.1999).

*Law On Compensable Injuries*

[¶ 14] An employee is required to timely notify his employer of an injury and file an injury report with the Division. Wyo. Stat. Ann. § 27–14–502(a) (LexisNexis 2003).

A failure to timely report the accident or injury as required by statute is a presumption that the claim shall be denied. § 27–14–502(c). The statutory reporting requirements do not begin to run until the employee becomes aware that an accident has caused an injury; and the term "injury" as used in the compensation statutes means compensable injury. *Rice v. State ex rel. Wyo. Workers' Safety and Comp. Div.*, 2001 WY 21, ¶ 13, 19 P.3d 508, ¶ 13 (Wyo.2001); *Wesaw v. Quality Maintenance*, 2001 WY 17, ¶ 10, 19 P.3d 500, ¶ 10 (Wyo.2001); *Baldwin v. Scullion*, 50 Wyo. 508, 530–31, 62 P.2d 531, 539 (Wyo.1936).

[¶ 15] Our law on determining the date of a compensable injury is well-established. *Rice,* ¶ 13; *Bemis v. Texaco, Inc.*, 401 P.2d 708, 709 (Wyo.1965). We have consistently held that when a correct diagnosis or prognosis of present or likely future disability is communicated to the claimant, the injury is discovered, it is compensable, and the statute of limitations begins to run. *City of Casper v. Haines*, 886 P.2d 585, 589 (Wyo. 1994) (citing *Aanenson v. State ex rel. Worker's Comp. Div.*, 842 P.2d 1077, 1081–83 (Wyo.1992) (discussing this Court's decisions regarding compensable injury)). "[W]hen determining the time a particular injury became compensable, it should be asked: When would a reasonable person, under the circumstances, have understood the full extent and nature of the injury and that the injury was related to his or her employment?" *Aanenson,* 842 P.2d at 1082. This question necessarily requires a careful evaluation of all facts to determine when an employee reasonably understood the nature and seriousness of his condition and that it was work-related.

[¶ 16] Our previous decisions have never burdened an employee with filing claims for trivial injuries to avoid timeliness issues. *Big Horn Coal Co. v. Wartensleben*, 502 P.2d 187, 188 (Wyo.1972) (citing *Potter v. Midland Cooperatives, Inc.*, 248 Minn. 380, 80 N.W.2d 59, 61 (1956)). The employee, however, may not ignore these requirements for compensable injuries because notice requirements and the statute of limitations exist to allow employers to investigate claims, monitor medical care, and avoid stale claims.

*Sherwin–Williams Co. v. Borchert*, 994 P.2d 959, 964 (Wyo.2000). The finder of fact is charged with determining the time and cause of a compensable injury; however, whether an employee's claim is to be barred for failure to timely file notice or a claim is a mixed question of fact and law. *Aanenson,* 842 P.2d at 1080.

*Review of Record*

[¶ 17] The hearing examiner did not believe that Iverson was injured on May 14, 1998, while working for the employer. Iverson contends that this finding is not supported by substantial evidence and is against the great weight of the evidence. The record shows that Iverson testified he injured himself on May 14, while chopping asphalt from a belly-dump truck, and he specifically described his actions when the injury occurred. Frost had a witness testify that it was not possible to clear asphalt from a belly-dump truck in that manner. A hearing examiner is entitled to reject claimant's testimony about events and dates if other evidence indicates that it is not credible. *Kuntz–Dexter,* ¶ 12. However, an "inconsistency" applies to propositions that cannot both be true, and that term is inappropriate to characterize propositions of differing degrees of completeness. *Ikenberry v. State ex rel. Wyo. Workers' Comp. Div.*, 5 P.3d 799, 803 (Wyo.2000). Our review of the record shows that the testimony of these two witnesses were inconsistent, and the hearing examiner was entitled to reject Iverson's version.

[¶ 18] The hearing examiner decided that Iverson had been injured in a work-related accident on April 3, 1998. We find that substantial evidence supports this finding. The driver of the road grader, Wayne Allshousen, testified that he had impacted Iverson's truck from behind and, at the time the incident occurred, Iverson had commented to Allshousen that the contact had hurt his back. Allshousen noted Iverson had continued to work. The hearing examiner specifically found that Allshousen was a credible witness. The record shows Iverson testified similarly about the incident.

[¶ 19] Having established that a work-related injury occurred, the hearing examiner then relied upon Iverson's girlfriend's testimony as to when Iverson began to experience leg pain to establish the date of compensability. The hearing examiner believed that her evidence showed that Iverson experienced leg pain in April and contradicted Iverson's contention that he did not experience leg pain until he was injured in May. As discussed in the facts, however, the girlfriend's testimony did not specify dates nor did she indicate that the leg pain happened before Iverson began seeking medical treatment. She recollected that she took Iverson to several doctors for medical treatment when he experienced back and leg pain. The record shows that Iverson sought no medical treatment until late May. Our review of the record shows that the testimony of these two witnesses were not inconsistent, only different if not viewed completely, and the hearing examiner was not entitled to reject Iverson's version.

[¶ 20] Having accepted the hearing examiner's conclusion that Iverson suffered a work-related injury on April 3, 1998, we must review the entire record to determine when Iverson knew the nature and full extent of his injury. The parties do not dispute that Iverson did not mention that the road grader contact in April hurt his back, or that Iverson continued to work all shifts and overtime until May 18, 1998, when he called and reported an injury and sought medical treatment. Legally, Iverson had no obligation to report a trivial incident to avoid a timeliness issue. *Rice*, ¶ 14; *Big Horn*, 502 P.2d at 188.

[¶ 21] If, as the hearing examiner found, Iverson did not injure himself on May 14, the evidence remains that by May 18, Iverson claimed that he was beginning to experience back and leg pain significant enough to discontinue working. Iverson immediately sought medical treatment and ultimately received a medical diagnosis that he had a herniated disc. Both Iverson and his girlfriend testified that he sought medical treatment because of back and leg pain. Although the hearing examiner did not find Iverson a credible witness, the girlfriend was specifically found to be credible and the record shows that nothing contradicted the testimony on this point. Accordingly, the weight of the evidence shows that Iverson injured himself in April, but did not know the nature of and the full extent of his injury until May 18, 1998, when he notified his employer of injury, discontinued working, and sought medical treatment.

[¶ 22] We hold that the hearing examiner erred in determining the date of compensable injury was April 3, 1998, and the claim was untimely filed. The date of compensable injury is May 18, 1998, the date it became apparent to Iverson that his injury had resulted in compensable disability. *Mitchell v. State Recreation Comm'n Snowmobile Trails*, 968 P.2d 37, 40 (Wyo.1998). Iverson notified his employer of injury on an earlier date and filed his injury report on May 22, 1998, based upon his inability to work. His claim for benefits was not untimely filed.

[¶ 23] The order upholding the denial of benefits is reversed, and this case is remanded with directions that an order be entered granting the claimant benefits.