2005 WY 110

**Gregory A. POPICK, Appellant (Petitioner),**

v.

**STATE of Wyoming, ex rel., WYOMING WORKERS' SAFETY AND COMPENSATION DIVISION, Appellee (Respondent).**

No. 05–3.

Supreme Court of Wyoming.

Sept. 7, 2005.

---

Representing Appellant: Sean W. Scoggin of Tiedeken & Scoggin, P.C., Cheyenne, Wyoming.

Representing Appellee: Patrick J. Crank, Attorney General; John W. Renneisen, Deputy Attorney General; Steven R. Czoschke, Senior Assistant Attorney General; and Kristi M. Radosevich, Assistant Attorney General, Cheyenne, Wyoming.

Before HILL, C.J., and GOLDEN, KITE, VOIGT, and BURKE, JJ.

VOIGT, Justice.

[¶ 1] The district court affirmed a hearing examiner's denial of worker's compensation benefits for an asbestosis claim. We dismiss this appeal for lack of subject matter jurisdiction.

### ISSUE

[¶ 2] We find the dispositive issue to be whether the hearing examiner erred in determining that the appellant did not timely file a claim for benefits.

### FACTS

[¶ 3] The appellant's work history includes numerous jobs in which he was possibly exposed to asbestos, including three brief jobs in Wyoming during 1978. During the mid–1990s, the appellant began experiencing fatigue, shortness of breath and prolonged chest colds. On October 30, 2001, he sought treatment for those symptoms. Imaging studies revealed "bilateral lobular pleural thickening" and "calcification . . . as may be seen with asbestosis." On November 1, 2001, a medical report informed the appellant of the need for a CT scan to confirm the asbestosis diagnosis, and a nurse practitioner, after asking the appellant about exposure to asbestos, told the appellant to "see a lung specialist." The appellant went to a physician less than two weeks later for a radiographic examination. On January 7, 2002, he had a high resolution CT scan done for the purpose of "looking for asbestosis in asbestos exposed person." The findings were "consistent with asbestos exposure."

[¶ 4] On September 26, 2002, the appellant was seen at the National Jewish Medical Center in Denver, Colorado, where his chief complaint upon arrival was noted to be "self-referred" for "evaluation of possible asbestos-related disease," and his "major goals for this evaluation are to obtain a second opinion regarding his diagnosis." The doctor's notes from that visit indicate "mild abnormalities with a mildly decreased diffusing capacity, likely due to [the appellant's] asbestosis."

[¶ 5] On January 21, 2003, the appellant filed three separate injury reports with the Wyoming Workers' Safety and Compensation Division (Division), claiming in each that his asbestosis was caused by his employment in Wyoming in 1978. The Division issued three responsive final determination letters denying coverage on the following grounds: (1) the lack of evidence establishing a work-related exposure to asbestos in Wyoming; (2) the failure to file a claim for benefits within one year after receiving a diagnosis or within three years from the date of last exposure; and (3) the failure to report the injuries to his employers and the Division in accordance with Wyo. Stat. Ann. § 27–14–502 (Lexis-

Nexis 2005), resulting in a presumption of claim denial.

[¶ 6] The appellant objected to the final determinations and requested a hearing. That hearing was held on February 18, 2004. Both parties submitted evidence. On March 11, 2004, the hearing examiner entered an Order Denying Benefits containing the following paragraphs:

6. In the present case, [the appellant] certainly did not file his report of injury until well after three years from his final work-related exposure to asbestos. However, this Office finds [the appellant] may still receive benefits if he filed a claim within one year of diagnosis of asbestosis. This Office finds [the appellant] was diagnosed as suffering from work-related asbestos exposure on November 1, 2001 when he was informed of the need for a CT scan to confirm the asbestosis diagnosis. Certainly, by the time the January 7, 2002 CT scan was performed, a reasonable person would have understood the nature of the injury and the relation to his prior employment. [The appellant] did not file his report of injury until January 21, 2003, more than a year after a reasonable person would have known of the injury. Thus, this Office finds [the appellant] is barred by the one year statute of limitations contained in Wyo. Stat. Ann. § 27–14–503 (Lexis[Nexis] 2003).

7. Even if this Office found [the appellant] was not properly diagnosed until after the September 2002 examination, [the appellant] still has failed to file a claim for benefits within a year of the September 2002 diagnosis. As of February 18, 2004, [the appellant] had never filed a claim for benefits with the Division. Wyo. Stat. Ann. § 27–14–503(a) (Lexis[Nexis] 2003) specifically notes, "The injury report is not a claim for benefits" as it relates to the one-year statute of limitations on benefits. [The appellant] did file his report of injury, but never filed a claim for benefits. Therefore, any claim by [the appellant] is still barred by the one-year statute of limitations contained in Wyo. Stat. Ann. § 27–14–503 (Lexis[Nexis] 2003).

[¶ 7] On March 31, 2004, the appellant filed a petition in the district court seeking judicial review of the denial of his worker's compensation claims. The petition alleged that the hearing examiner had acted arbitrarily and capriciously, had abused his discretion, and had not acted in accordance with law, and further alleged that the Order Denying Benefits was not supported by substantial evidence. In his district court brief, the appellant treated the matter as solely an evidentiary question, and made no argument concerning the hearing examiner's conclusion in regard to the statute of limitations. The State, to the contrary, focused upon the latter issue and urged the district court to affirm the hearing examiner "[on that] basis alone."

[¶ 8] The district court reviewed the record and read the briefs of the parties and, without holding a hearing, entered an Order Affirming Denial of Benefits. The district court first addressed the evidentiary issue—whether the appellant had proven by a preponderance of the evidence that he suffered work related injuries while employed in Wyoming—and found against the appellant. The district court concluded that the appellant's testimony was vague and inadequate, and that it was incongruent with the documentary evidence. Next, the district court held that the statute of limitations had run in regard to the timely filing of a worker's compensation claim. On November 10, 2004, the district court entered its Order Affirming Denial of Benefits. This appeal followed.

## STANDARD OF REVIEW

[¶ 9] Our standard for the review of a contested case determination is well known and will not be repeated herein. *See Newman v. State ex rel. Wyoming Workers' Safety and Compensation Div.*, 2002 WY 91, ¶¶ 7–26, 49 P.3d 163, 166–73 (Wyo.2002).

## APPLICABLE STATUTES

[¶ 10] Wyoming's statutory scheme requires both that an injured worker report the injury to his or her employer and the state, and file a claim for benefits with the state. Wyo. Stat. Ann. §§ 27–14–502 and 27–14–503 (LexisNexis 2005). Both requirements are

subject to time limitations. As to the second requirement—that of filing a claim for benefits—we have held that, in cases involving a latent disease such as asbestosis, the law in effect at the time the claimant becomes aware of his condition is the law that must be applied in determining statute of limitations issues. *Wyoming Refining Co. v. Bottjen*, 695 P.2d 647, 648–49 (Wyo.1985). In the instant case, the law in effect at the time the appellant became aware of his condition provided, in relevant part, as follows:

> The right of compensation for an injury which occurs over a substantial period of time is barred unless a claim for benefits is filed within one (1) year after a diagnosis of injury is first communicated to the employee, or within three (3) years from the date of last injurious workplace exposure to the condition causing the injury, whichever occurs last. . . .

Wyo. Stat. Ann. § 27–14–503(b) (LexisNexis 2001).

## DISCUSSION

■ [¶ 11] The district court affirmed the hearing examiner on the ground that a reasonable person would have understood the nature of his injury and its relation to his prior employment no later than January 7, 2002, meaning that the appellant's filing of the three injury reports on January 21, 2003, was beyond the period of limitations found in Wyo. Stat. Ann. § 27–14–503(b). *See Worker's Compensation Claim of Iverson v. Frost Const.*, 2003 WY 162, ¶ 15, 81 P.3d 190, 195 (Wyo.2003) and *Matter of Zielinske*, 959 P.2d 706, 710 (Wyo.1998). Having reviewed the record, we agree with that conclusion. The medical records show that the appellant's self-referral to the National Jewish Medical Center in September 2002 was to obtain a second opinion concerning the diagnosis of asbestosis that he had already received.

■ [¶ 12] Of even more significance to this discussion is the fact, pointed out by the hearing examiner in his Order Denying Benefits, but not relied upon by the district court, that the appellant filed three injury reports, but never filed a claim for benefits! Inasmuch as an "injury report is not a claim for benefits," the period of limitations con-

tained in Wyo. Stat. Ann. § 27–14–503(b) cannot be computed from the date of filing of an injury report. *See* Wyo. Stat. Ann. § 27–14–503(a) (LexisNexis 2005). Clearly, the statutory period of limitations has passed no matter what date in the year 2002 is used to determine commencement of that period.

■ [¶ 13] The filing of a timely claim for benefits is jurisdictional. *In re Summers*, 987 P.2d 153, 156–57 (Wyo.1999); *Seckman v. Wyo–Ben, Inc.*, 783 P.2d 161, 167–68 (Wyo.1989). Consequently, the petition for review should have been dismissed for lack of subject matter jurisdiction, any other action being null and void. *EOG Resources, Inc. v. State*, 2003 WY 34, ¶ 10, 64 P.3d 757, 759 (Wyo.2003) (*quoting Weller v. Weller*, 960 P.2d 493, 496 (Wyo.1998)). Furthermore, " '[i]f a lower court acts without jurisdiction, "this court will notice the defect and have jurisdiction on appeal, not on the merits, but merely for the purpose of correcting the error of the lower court in maintaining the suit." *Gookin* [*v. State Farm Fire & Cas. Ins. Co.*, 826 P.2d 229,] 232 [(Wyo.1992)].' " *NMC v. JLW ex rel. NAW*, 2004 WY 56, ¶ 9, 90 P.3d 93, 96 (Wyo.2004) (*quoting Pawlowski v. Pawlowski*, 925 P.2d 240, 242 (Wyo.1996)). The appeal must be dismissed because we can have no better jurisdiction than did the district court. *Wooster v. Carbon County School Dist. No. 1*, 2005 WY 47, ¶ 22, 109 P.3d 893, 900 (Wyo. 2005).