120 P.3d 1013 (2005)
2005 WY 128
In the Matter of the Worker's Compensation Claim of Regina A. BLOMMEL, Appellant (Employee/Claimant),
v.
STATE of Wyoming, ex rel., WYOMING DEPARTMENT OF EMPLOYMENT, DIVISION OF WORKERS' SAFETY AND COMPENSATION, Appellee (Objector/Defendant).
No. 04-240.
Supreme Court of Wyoming.
October 4, 2005.
*1014 Representing Appellant: Newton "Rusty" S. Ludwig, Sheridan, Wyoming.
Representing Appellee: Patrick J. Crank, Attorney General; John W. Renneisen, Deputy Attorney General; Steven R. Czoschke, Senior Assistant Attorney General; and Kristi M. Radosevich, Assistant Attorney General.
Before HILL, C.J., and GOLDEN, KITE, VOIGT, and BURKE, JJ.
KITE, Justice.
[¶ 1] While working as a laborer for Wyoming Sawmills, Inc. (Wyoming Sawmills), Regina A. Blommel experienced pain in her right shoulder. She saw a physician's assistant who referred her to an orthopedic surgeon. The following day, she told her supervisor about the pain, but did not report it as work related. Nearly three weeks later, before she saw the orthopedic surgeon, Ms. Blommel quit her job with Wyoming Sawmills because of the pain. Thereafter, the orthopedic surgeon diagnosed a rotator cuff tear and recommended surgery. Ms. Blommel then filed a report of injury with the Wyoming Workers' Safety and Compensation Division (Division), claiming her injury was work related. The Office of Administrative Hearings (OAH) denied her claim on the ground that it was untimely and the district court affirmed. We reverse.

ISSUES
[¶ 2] Ms. Blommel presents the following issue:
Was the hearing examiner's findings that the Claimant did not timely notify her employer of her injury nor timely report her injury to the Division supported by substantial evidence? (Wyoming Statute Section 16-3-114 (1982))
The Division restates the issues as follows:
Issue I. Whether substantial evidence supports the hearing examiner's decision that Blommel failed to timely report her alleged injury?
Issue II. Whether substantial evidence supports the hearing examiner's decision that Blommel failed to prove a compensable injury?

FACTS
[¶ 3] In August of 2001, Ms. Blommel injured her right shoulder while helping a friend move a refrigerator. She was treated by an orthopedic surgeon, who diagnosed rotator cuff tendonitis. According to Ms. Blommel, the injury was resolved through conservative treatment before she began work for Wyoming Sawmills.
[¶ 4] From July of 2000 to June of 2002, Ms. Blommel worked for Wal-Mart as a cashier, maintenance worker, unloading trucks, and stocking shelves. She was hired by Wyoming Sawmills as a laborer in June of 2002. Her job involved stacking lumber.
[¶ 5] On July 9, 2002, Ms. Blommel saw a physician's assistant for shoulder pain and was referred to an orthopedic surgeon. She made an appointment to see the surgeon on August 23, 2002. On July 10, 2002, she told her supervisor that she was experiencing pain in her right shoulder. According to the supervisor, Ms. Blommel said she hurt her shoulder while working for Wal-Mart.
[¶ 6] On July 29, 2002, Ms. Blommel informed Wyoming Sawmills' human resources manager that she was quitting her job due to shoulder pain. Again, according to the manager, Ms. Blommel did not report that the injury was related to her work at Wyoming Sawmills. On August 23, 2002, Ms. Blommel went to her appointment with the orthopedic surgeon who diagnosed a rotator cuff tear. Three days later, she reported the injury to Wyoming Sawmills' human resources manager. *1015 On August 27, 2002, Ms. Blommel filed a report of injury with the Division, listing the date of injury as July 9, 2002.
[¶ 7] On October 1, 2002, the Division issued a final determination denying benefits on the ground that the injury pre-existed Ms. Blommel's employment at Wyoming Sawmills. Ms. Blommel objected, and the case was referred to OAH. In a pre-hearing disclosure statement, the Division asserted Ms. Blommel did not make a timely report of her injury.
[¶ 8] In February of 2003, Ms. Blommel underwent rotator cuff surgery. A hearing was held on her claim for benefits in September of 2003. The hearing examiner denied benefits, finding that her report of injury was untimely because "it was reasonably apparent to [Ms. Blommel] at the time she quit her job at Wyoming Sawmills, Inc., on or about July [29], 2002, that she was suffering from a shoulder condition which she attributed to a work place injury." The hearing examiner also found Ms. Blommel failed to rebut the presumption that her claim be denied by presenting clear and convincing evidence that Wyoming Sawmills and the Division were not prejudiced by the late filing as required under Wyo. Stat. Ann. § 27-14-502(c) (Lexis-Nexis 2005). Ms. Blommel appealed the hearing examiner's decision to the district court, which affirmed the denial of benefits.

STANDARD OF REVIEW
[¶ 9] In reviewing assertions of untimeliness in workers' compensation cases, we have said:
Our judicial review [of agency decisions] is limited to those considerations specified in Wyo. Stat. Ann. § 16-3-114(c) (LEXIS 1999) which provides in pertinent part:
(c) To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:
...
(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:
(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;
...
(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.
The interpretation and correct application of the provisions of the Wyoming Worker's Compensation Act are a question of law over which our review authority is plenary. Conclusions of law made by an administrative agency are affirmed only if they are in accord with the law. We do not afford any deference to the agency's determination, and we will correct any error made by the agency in either interpreting or applying the law.
Collicott v. State ex rel. Wyo. Workers' Safety & Comp. Div., 2001 WY 35, ¶ 4, 20 P.3d 1077, 1079 (Wyo.2001) (citations omitted).
[¶ 10] The finder of fact in workers' compensation proceedings is charged with determining the time and cause of a compensable injury; however, whether an employee's claim is to be barred for failure to timely file a report of injury is a mixed question of fact and law. Iverson v. Frost Constr., 2003 WY 162, ¶ 16, 81 P.3d 190, 195 (Wyo.2003). This Court will affirm the hearing examiner's findings of fact if they are supported by substantial evidence. Id., ¶ 11. Where the hearing examiner makes no findings of fact, and concludes as a matter of law that an injury became apparent to a claimant on a particular date, we review the legal conclusion de novo. Wesaw v. Quality Maintenance, 2001 WY 17, ¶ 12, 19 P.3d 500, 505 (Wyo.2001).

DISCUSSION

1. Timeliness of the Report of Injury
[¶ 11] The only specific factual finding the hearing examiner made concerning *1016 the time or cause of Ms. Blommel's injury was "that the injury is one occurring over a period of time; the Claimant's testimony indicated no triggering event or sudden occurrence." The hearing examiner concluded as a matter of law, however, that "it was reasonably apparent" to Ms. Blommel at the time she quit her job at Wyoming Sawmills on July 29, 2002, "that she was suffering from a shoulder condition which she attributed to a work place injury."
[¶ 12] Section 27-14-502(a), the provision governing the time for filing a report of injury, provides in pertinent part as follows:
(a) As soon as is practical but not later than seventy-two (72) hours after the general nature of the injury became apparent, an injured employee shall, in writing or by other means approved by the department, report the occurrence and general nature of the accident or injury to the employer. In addition, the injured employee shall within ten (10) days after the injury became apparent, file an injury report with the employer and the division in a manner and containing information prescribed by division rule and regulation....
[¶ 13] Ms. Blommel makes no claim that she reported the injury in writing to her employer within 72 hours after July 9, 2002, nor does she claim she filed an injury report with her employer and the Division within ten days after July 9. Rather, Ms. Blommel concedes that she filed her report of injury with Wyoming Sawmills and the Division on August 27, 2002, 48 days after the July 9, 2002, injury date she identified on the injury report. Ms. Blommel asserts that her report of injury was timely despite the fact that it was not filed within ten days of the date of injury. She contends a reasonable person would not have known the nature and extent of her injury until Dr. Ferries diagnosed a torn rotator cuff on August 23, 2002. Prior to Dr. Ferries' diagnosis, she asserts, she did not know whether she sustained a new injury, whether her injury was a continuation of her prior injury, or otherwise. Using August 23 as the date of injury, Ms. Blommel contends she reported her injury in a timely fashion under § 27-14-502(a).
[¶ 14] The Division argues that the hearing examiner's conclusion that the report of injury was not timely filed was supported by substantial evidence. The Division asserts the evidence demonstrated Ms. Blommel knew the pain she experienced on July 9, 2002, was work-related and this knowledge was confirmed on July 29, 2002, when she quit her job because the pain made it impossible for her to continue working. At the very least, the Division contends, Ms. Blommel was required to report her injury within 72 hours and ten days of July 29, 2002.
[¶ 15] In cases requiring us to determine the date of compensable injury, we have said:
The statutory reporting requirements do not begin to run until the employee becomes aware that an accident has caused an injury; and the term "injury" as used in the compensation statutes means compensable injury.
Our law on determining the date of a compensable injury is well-established. We have consistently held that when a correct diagnosis or prognosis of present or likely future disability is communicated to the claimant, the injury is discovered, it is compensable, and the statute of limitations begins to run. "When determining the time a particular injury became compensable, it should be asked: When would a reasonable person, under the circumstances, have understood the full extent and nature of the injury and that the injury was related to his or her employment?" This question necessarily requires a careful evaluation of all facts to determine when an employee reasonably understood the nature and seriousness of his condition and that it was work-related.
Iverson, ¶¶ 14-15 (emphasis added, citations omitted). We review the entire record to determine when a claimant knew the nature and full extent of her injury. Id., ¶ 15.
[¶ 16] There is no question Ms. Blommel understood the pain she began experiencing on July 9, 2002, was "related to her employment." She testified unequivocally that there was a correlation between her work and the pain. What is not so clear is when she understood, or a reasonable person under *1017 the circumstances would have understood, the "full extent and nature of the injury." She contends a reasonable person under the circumstances would not have understood the full extent and nature of her injury until August 23, 2002, when she saw Dr. Ferries and he told her she appeared to have a torn rotator cuff. In contrast, the Division argues and the hearing examiner found, that a reasonable person under the circumstances would have understood the full extent and nature of her injury by July 29, 2002, when she quit her job with Wyoming Sawmills because she "could not take the pain [any] more." In essence, Ms. Blommel's argument focuses on the date a diagnosis was rendered, while the Division focuses on other factors preceding the diagnosis. To resolve this issue, we consider our prior case law.
[¶ 17] In Torres v. State ex rel. Wyo. Workers' Safety and Comp. Div., 2005 WY 7, ¶ 17, 105 P.3d 101, 110 (Wyo.2005) (citations omitted), we said:
Our law on determining the date of a compensable injury is well-established. We have consistently held that when a correct diagnosis or prognosis of present or likely future disability is communicated to the claimant, the injury is discovered, it is compensable, and the statute of limitations begins to run....
Our previous decisions have never burdened an employee with filing claims for trivial injuries to avoid timeliness issues. The employee, however, may not ignore these requirements for compensable injuries because notice requirements and the statute of limitations exist to allow employers to investigate claims, monitor medical care, and avoid stale claims.
[¶ 18] Applying these principles in Torres, we affirmed the hearing examiner's conclusion that the report was untimely because the record clearly showed the employee did not report her injury to her employer within 72 hours of the date she received a correct diagnosis and did not file a report with the Division within ten days of that date.
[¶ 19] In Iverson, the claimant was injured at work on two separate occasions. After the first injury, the claimant did not mention the injury and continued to work his shifts and overtime. After the second injury, however, the pain was significant enough to cause the claimant to discontinue working, seek medical treatment and obtain a diagnosis. We concluded the weight of the evidence showed that the employee injured himself on the first date, but did not know the nature and extent of his injury until the second date when he notified his employer, discontinued working and sought medical treatment. We said:
We accept the hearing examiner's conclusion that Iverson suffered a work-related injury in the first incident; however, our law is well established that statutory reporting requirements are not triggered when an employee sustains an apparent trivial injury which does not result in present disability and which would not reasonably be expected to cause future disability. An employee is charged with knowing the full extent and nature of the injury no later than when a correct diagnosis and prognosis of present or likely future disability is communicated to the claimant. At that point, the injury is discovered, it is compensable, and the statute of limitations begins to run.
Iverson, ¶ 3 (emphasis added).
[¶ 20] In Wesaw, ¶ 15, the claimant was injured on October 15, 1998, sought medical treatment and received a diagnosis on October 22, 1998, and filed his report of injury on November 3, 1998, more than ten days after the injury occurred. Although we concluded that the claimant may have recognized the causal relationship earlier, we concluded he did not understand the nature and seriousness of his injury until he received the doctor's diagnosis and, therefore, his report was timely.
[¶ 21] In each of these cases, we held the claimant understood the full extent and nature of his injury upon receiving a doctor's diagnosis. In Ms. Blommel's case, she had a prior diagnosis of rotator cuff tendonitis. When she experienced pain in the same shoulder and sought treatment on July 9, 2002, she was treated for shoulder pain and told to see an orthopedic surgeon if there was not improvement in the next few weeks. *1018 By July 29, 2002, the pain had become so severe Ms. Blommel quit her job. Although she believed the pain was related to her work stacking lumber for Wyoming Sawmills, Ms. Blommel did not know, and there is no evidence she even suspected, her rotator cuff was torn and would require surgery until she received a physician's diagnosis on August 23, 2002.
[¶ 22] We hold that the hearing examiner misapplied the law when he concluded Ms. Blommel's claim should be denied because the general nature of her injury was apparent to her by July 29, 2002. The test for determining the time for filing a report of injury under § 27-14-502 is when a reasonable person under the circumstances would have understood the full extent and nature of the injury and that the injury was related to his or her employment. Applying this test to the factual findings made by the hearing examiner, we hold as a matter of law that the general nature of the injury became apparent when Ms. Blommel learned on August 23, 2002, that she likely had a torn rotator cuff.
[¶ 23] Reversed.
BURKE, Justice, dissenting, with whom VOIGT, Justice, joins.
[¶ 24] I respectfully dissent. I would affirm the decision of the hearing examiner that Ms. Blommel failed to file a timely claim of injury. The majority, by employing a de novo standard of review, fails to accord proper deference to the decision of the hearing examiner.
[¶ 25] We articulated the proper standard of review in Beitel v. Workers' Compensation Division, 991 P.2d 1242, 1245 (Wyo.1999):[1]
Under § 27-14-502(a), an employee's duty to report a work-related injury commences when the general nature of his injury becomes apparent. We have stated that an injury is apparent when the employee knows "that he has suffered an injury which can result in, or is likely to cause, a compensable disability." Zielinske v. Johnson County School District No. 1, 959 P.2d 706, 709 (Wyo.1998) (quoting Curnow v. State ex rel. Wyoming Workers' Compensation Division, 899 P.2d 875, 878 (Wyo.1995)). The determination of when an injury became apparent is a question of fact. Id. We, therefore, defer to the hearing examiner's decision if it is supported by substantial evidence. DeWall [v. State], 960 P.2d [502], 503 [(Wyo. 1998)].
[¶ 26] The hearing examiner found that "it was reasonably apparent to the Employee/Claimant, at the time she quit her job at Wyoming Sawmills, Inc., on or about July 26, 2002, that she was suffering from a shoulder condition which she attributed to a work place injury." There is substantial evidence in the record to support the finding of the hearing examiner.
[¶ 27] Ms. Blommel began her employment with Wyoming Sawmills, Inc. on June 12, 2002. She was hired as a laborer and her duties included stacking rough-cut lumber. On July 9, 2002, Ms. Blommel was evaluated by Dawn Peters, a physician's assistant, for complaints of right shoulder pain. According to Ms. Blommel's testimony, her shoulder had ached for a couple of weeks. Ms. Blommel initially thought it was her "tendonitis coming back ... but then it got worse and worse to the point it didn't feel the same. It felt quite different." Ms. Peters referred Ms. Blommel to an orthopedic surgeon for an evaluation. Ms. Blommel returned to work and was placed on light duty by her supervisor for a period of time. She failed to report to work on July 26, 2002. On July 29, 2002, Ms. Blommel advised her employer that she was terminating her employment because she could no longer tolerate the pain in her right shoulder. Ms. Blommel was evaluated by an orthopedic surgeon on August 23, 2002. He diagnosed a rotator cuff injury.
[¶ 28] The majority finds the August 23, 2002, diagnosis of rotator cuff injury determinative of the timeliness issue. However, the *1019 hearing examiner specifically rejected claimant's contention that the nature of the injury became apparent on the date of the torn rotator cuff diagnosis. He stated, "[t]he [c]laimant argues that she was not formally diagnosed until August 23, 2002. That may be, in that a formal medical diagnosis was rendered at that time; however, the general nature of the injury had been apparent to the claimant for quite some time." Although the date of diagnosis of the injury is a factor to be considered in determining when the general nature of the injury was apparent to the employee, it is not the sole determining factor. Logue v. State Workers' Safety and Comp. Div., 2002 WY 62, ¶¶ 13-18, 44 P.3d 90, 94-95 (Wyo.2002).
[¶ 29] Under the interpretation reached by the majority, Ms. Blommel was not obligated to file a claim and notify her employer until she received a definitive rotator cuff diagnosis. The diagnosis could have occurred months or years after Ms. Blommel quit work. Such a result undermines our previous recognition that "[t]he employee ... may not ignore these requirements for compensable injuries because notice requirements and the statute of limitations exist to allow employers to investigate claims, monitor medical care, and avoid stale claims." Torres, ¶ 17.
[¶ 30] The majority relies upon our decisions in Torres, Iverson and Wesaw to support its conclusion. All are factually distinguishable from this case. When placed in proper perspective, they do not compel, or support, the result reached by the majority. In Torres, there was no question that the employee's notice of claim was untimely. It was filed two months after the employee had left work and had been diagnosed with a hernia which the employee claimed was work related. At hearing, the employee attempted to prevail on the timeliness issue on the basis that it had not been raised by the Division. In Torres, we reaffirmed the significance of compliance with the statutorily mandated reporting requirements, "[o]f course, the statutory limitations periods are of pivotal importance in circumstances like this because failure to comply with those limitation periods may be fatal to even a very meritorious claim." Torres, ¶ 15.
[¶ 31] In Iverson and Wesaw the employee's original injury was deemed "trivial" because the employee continued to work for a period of time after sustaining the injury. However, in both cases, the employee filed his report of injury within ten days of the date he first missed work because of the injury and within ten days of the date he first sought medical attention. Additionally, in Wesaw, the definitive diagnosis of pulmonary injury caused by chemical exposure was not made until January 1999, nevertheless, we determined that the time for reporting the injury began to run in October 1998. Wesaw, ¶ 15.
[¶ 32] Admittedly, reasonable minds could differ as to when the general nature of the injury became apparent to Ms. Blommel. In such situations, however, we must defer to the conclusion reached by the hearing examiner. As we noted in Brees v. Gulley Enterprises, Inc., 6 P.3d 128, 132 (Wyo.2000) (internal citations omitted):
"The agency is charged with determining `the ultimate weight to be given th[e] evidence.' In addition, the agency is charged with determining the credibility of the witnesses. If the agency's decision is supported by substantial evidence, this Court `cannot substitute [its] judgment for that of the agency, but this Court is required to uphold its findings upon appeal.'"
[¶ 33] Ms. Blommel's injury was not trivial. She sought medical attention, was placed on light duty and eventually quit work because of the shoulder pain. Ms. Blommel's report of injury was not filed within ten days of the date she first sought medical attention or within ten days of the date she quit work.
[¶ 34] It is important to recognize that a statutory safety net exists to protect employees from the seemingly harsh consequences resulting from strict application of the claim notice requirement. An employee who submits an untimely claim may still be entitled to benefits if the employee establishes that the employer was not prejudiced by the late notice. Wyo. Stat. Ann. § 27-14-502(c) (LexisNexis 2001). Because the majority has determined that Ms. Blommel's claim is timely, *1020 it is not necessary to determine whether substantial evidence exists to support the hearing examiner's determination that Ms. Blommel failed to prove that the untimely notice did not prejudice the employer.[2]
[¶ 35] The hearing examiner's decision that Ms. Blommel's claim was untimely is supported by substantial evidence and should be affirmed.
NOTES
[1] There appears to be conflict in our jurisprudence as to the appropriate standard of review to be applied in these circumstances. In Wesaw, we held that "the date the general nature of the injury became apparent to the [e]mployee" is a legal conclusion which we review de novo. Id., ¶ 12. The majority apparently adopts the Wesaw de novo standard of review. Regardless of which standard is applied, I would affirm the OAH.
[2] The shorter the time gap between injury and notice, the easier it should be for the employee to establish lack of prejudice. In this case, the record reflects that less than one month passed between the date Ms. Blommel left work and the date she filed her report of injury. The employer was aware of Ms. Blommel's shoulder problem in early July and placed her on light duty. The employer knew that Ms. Blommel was leaving her employment because of shoulder problems and that she was scheduled to see a doctor in August for an evaluation. During her testimony, the employer's office manager admitted that the reporting delay did not prejudice the employer's ability to monitor Ms. Blommel's medical treatment. There does not appear to be any evidence in the record that the employer was prejudiced by the late filing.